# The St. Louis, Vandalia and Terre Haute Railroad Company

## *v.*

## Ebenezer Capps.

1. CASE—*damage to lot owner by constructing and operating railroad in public street fronting same.* Where a railroad company constructed its track along a public street in front of plaintiff's lots, occupied by him for mercantile business, under an ordinance of the town granting the right so to do, but which required the company to pay all damages to the property owners on such street that might accrue in consequence thereof, and the company, in constructing its road, made a deep excavation in the street in front of plaintiff's lots, which diminished the value of the lots and injured the plaintiff's business by making his place difficult of access and hazardous for teams to approach the same: *Held*, that the company, by accepting the ordinance and acting under it, became bound, by its terms, to pay the plaintiff all damage caused to his property, and also damages in his business.

2. SAME—*measure of damages.* In such a case the plaintiff is entitled to recover, as damages, whatever diminution in value his real estate may have undergone in consequence of laying the railroad track; and to show this, testimony should be introduced as to the market value of the property, before and since the injury, laying out of view any inflated value arising from any cause. On this head proof of the rental value before and since the construction of the road, would furnish some criterion by which to determine the extent of the injury to the property.

3. SAME—*measure of damages as to business.* The plaintiff is also entitled to damages for interruption to his business during such time as would have been necessarily employed in accommodating himself to another place of business, equally eligible, and his removal thereto. During such time, the damages to his business should be ascertained by proof of the probable and reasonable profits which might have been made upon sales, had there been no interruption. The necessary reasonable expense of removal is also a proper element of damage.

4. EVIDENCE—*on question of damage to business.* In a suit against a railroad company to recover damages sustained by plaintiff in his business as a merchant, in consequence of the construction of a railroad track in front of his premises, and the making of a deep excavation in the street, the plaintiff proved the extent of his business in the preceding year and the decrease in the year after. The company then offered to

prove the fact of a general decline in business in which the plaintiff was engaged, which the court refused: *Held*, that the court erred, as it tended to show that plaintiff's business was affected in some degree thereby, in common with others, without regard to the construction of the road.

Appeal from the Circuit Court of Fayette county; the Hon. A. J. Gallagher, Judge, presiding.

This was an action on the case, by Ebenezer Capps against the St. Louis, Vandalia and Terre Haute Railroad Company, to recover damages claimed by the construction of the defendant's road in a public street in the town of Vandalia, in front and along the plaintiff's lots and place of business. The plaintiff recovered, and the defendant appealed to this court. The facts are fully stated in the opinion.

Mr. John Scholfield,* for the appellant.

Messrs. Moulton & Chaffee, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

Appellants are a corporation, created by an act of the general assembly of this State, conferring upon them the usual powers and privileges. The tenth section of their charter makes it lawful for the corporate authorities of any incorporated city or town through which their railroad shall be located, to grant or lease to the company, as a right of way, the right to lay a single or double track through such city or incorporated town, or highway that the railroad may select for that purpose; such lease or permit to be unchangeable and perpetual, except at the option of the railroad company.

The town of Vandalia was declared a body politic and corporate by an act of the general assembly, approved February 14, 1857, under the name and style of "The President and Board of Trustees of the town of Vandalia," to whom was

*This case was decided at the June Term, 1872, before Mr. Justice Scholfield came upon the Bench.

given the power to regulate, grade, plank, improve and pave
the streets, alleys and public square in that town, with power
to levy an annual road labor tax of not less than three nor
more than five days against certain white males within a cer-
tain age.

In 1868 the board of trustees of this town adopted the
following ordinance:

" Be it ordained by the President and Board of Trustees of
the town of Vandalia, Illinois, that the right of way is hereby
granted to the Saint Louis, Vandalia and Terre Haute Rail-
road Company, through the town of Vandalia, over, across
and along the streets and alleys and public square of said
town, where said railroad is now located, of the width of
thirty-two feet (32) north from the south line of Main street,
together with such additional widths or embankments, and
in excavations, as shall be necessary to give stability to the
slopes of the material composing the same, and provided, in
no case shall there be less than thirty (30) feet in width, (upon
which a good common road shall be kept by said company)
of street left and maintained on north side of said Main street
between the Illinois Central Railroad and the Kaskaskia
river, upon condition that the said railroad company, before
said railroad is in operation, will make, or cause to be made,
good and sufficient bridges over said railroad track on Main
street, where it crosses Third and Fourth streets, so as to
make convenient and safe passage-ways over said road for
business and travel along· said streets; also a foot bridge
between Third and Fourth streets from the centre of north
side of public square across said railroad when required by
the trustees of said town; and will also make good and con-
venient crossings or bridges over said railroad on the other
streets and alleys, where they may be required—said bridges
and crossings to be kept in repair by said railroad company
perpetually; and that said railroad company shall construct,
or cause to be constructed, substantial railings on each side
    39—67th Ill.

of the cut opposite said public square, and from Third to Second street on north side of said railroad, and that said excavations shall be sodded or protected as may be necessary to prevent the washing of said slope; and further, that the said railroad company are to be held bound to pay all damages that may accrue to the property owners on said Main street, by reason of the construction of said railroad; and provided that the slope necessary to be made upon the public square shall not extend more than twenty-one (21) feet in width from the southern line of said Main street into and upon said public square, and that the slope shall not be less than one and a half feet to the one foot perpendicular."

The company constructed their road through Main street by excavating the same fifty feet wide and twenty feet deep, and through this cut ran their trains.

Appellee is the owner of several lots fronting on this street, on which he had erected buildings, and among them a store in which he had prosecuted his business as a merchant for more than twenty years, doing a large business. He complains that the road is so constructed as greatly to damage his business, and to drive customers from him by reason of the dangers attendant on running cars so near the store, and that thereby the value of his property has been greatly diminished and his custom likewise. He contends, that as owner and possessor of these premises he was rightfully entitled to have the street on which his lots abutted, at such grade as would permit him to enjoy their use, and to enable all persons to come to his premises on foot, in wagons or other vehicles, without danger to themselves or to their property.

There are other causes of complaint stated in the several counts of the declaration, not necessary to notice particularly, and all which were fully placed before the jury by the evidence. The verdict was for the plaintiff, awarding him nine thousand nine hundred and sixteen dollars in damages.

A motion for a new trial was overruled and judgment rendered on the verdict.

To reverse this judgment the defendants appeal, assigning several errors, the most important of which are based on instructions third and fifth, given for the plaintiff.

Plaintiff's third instruction was as follows:

"If the jury believe, from the evidence, that Main street and Fourth street, in the town of Vandalia, are, and have been for a long time, public streets, and so used by the public, then the public have an interest in said streets, and are entitled to the unimpaired use of the same as public streets; and that if the jury further believe, from the evidence, that the plaintiff owned property on said street, as described in the declaration, and that the defendants, their servants or contractors under their control and direction, made excavations in said Main street, fifteen or more feet deep, and forty or more feet wide, and constructed a railroad on said street, and are exercising exclusive possession of the same, and that the public is excluded from the use of such part of Main street by said defendants and by reason of such excavation, and that said defendants have made embankments in said street opposite and near the plaintiff's property, as charged in the declaration, and if the jury further believe, from the evidence, that by reason of making said excavation and embankment, the plaintiff's property abutting on said streets has been injured and lessened in value, then the plaintiff is entitled to recover for all the damages to said property he has necessarily sustained by reason of the said acts of the defendants."

To judge of the propriety of this instruction, reference must be had to the ordinance of the town under the authority of which appellants acted. After prescribing the mode in which the railroad might be constructed through Main street, it is provided "that the said railroad company are to be

held bound to pay all damages that may accrue to the property owners on Main street by reason of the construction of said railroad."

This provision is very broad and comprehensive in respect to the damages to which the company may be liable, and must control as the contract of the parties. The company, by accepting the ordinance and acting under it, are bound by all its terms. Any property owner on Main street, by the very terms of the agreement, has a right to sue for and recover all damages he can prove he has sustained by the construction of the road.

The proof, we think, is full to the point, that appellee has been damaged by the construction of the road in the mode in which it is constructed, and these damages the company have agreed to pay, by accepting and acting under the ordinance.

But the fifth instruction asserts a claim to damages independent of injury done to the premises. It is as follows:

" The court further instructs the jury, for the plaintiff, that if they believe, from the evidence, that the defendants, in the spring of 1868, took possession of a part of a public street in Vandalia, and made excavations and built a railroad in said public street, and had exclusive possession of the same, and also that defendants made embankments and obstructions in Main and Fourth streets in said town, so as to render the use of said streets by the public dangerous, and to greatly impair the usefulness of said streets as public highways, and if the jury further believe, from the evidence, that the plaintiff, before the spring of 1868, occupied said property, and was then and there, and had been for a long time before, doing a general mercantile and produce business, then the jury, if they believe, from the evidence, that the obstructions to said street, so made by the defendants, have necessarily injured the business of the plaintiff, in estimating the damage the plaintiff has sustained, may take into consideration the extent and character and amount of said business plaintiff had done for

the year or two preceding the spring of 1868, and the amount of business done by the plaintiff after that time and before the bringing of this suit, and may allow to the plaintiff all such damages as the evidence shows he has necessarily sustained by reason of the said wrongful acts of defendants in making said obstructions in said street."

A reference to the ordinance will show, by a fair construction of it, that damages to the realty were not alone contemplated by the authority enacting it. It provides the company shall pay "all damages" that may accrue to the property owners.

Consideration must be given to the uses to which the owners of such property may wish to devote it or have appropriated it, in estimating the damages. In this case, it was a mercantile house of long standing, doing a profitable business, whose customers have been driven from it by the act of appellants, which act, though authorized by the proper authority, was burdened with the obligation to pay all damages that might accrue to the property owners, of whatever nature, which such owners could show was the probable result of the act done. It is very evident, from the proof, that appellants' road has been so constructed on Main street as to deprive appellee of the profitable enjoyment of his property, and has diminished its value very much.

Whatever may have been said in *Moses* v. *Pittsburgh, Ft. Wayne and Chicago R. R. Co.* 21 Ill. 516, can not materially affect this case, as in that case there was no agreement on the part of the railroad company to pay all damages that might accrue to the property owners on the street used. The proceedings in that case were for an injunction to prohibit the company from laying down their track, and from operating their railroad upon or along Beech street. Nor in the case of *Murphy* v. *The City of Chicago*, 29 ib. 279, was there any agreement to pay damages, nor in any of the cases cited, and therein they all differ essentially from this case.

This depends on the condition imposed by the ordinance on the company, in the event they constructed the road as indicated in the ordinance. The company agreed to pay the property owners all damages that might accrue by reason of the construction of the road.

What, then, is a reasonable rule by which to estimate the damages properly recoverable in this and like cases?

By the instructions given, appellee has recovered the full value of his property and still holds the title to it and the possession. What portion of the verdict can be applied to losses on his business, we do not and can not know. The proof on that point is not satisfactory. An important item of testimony, that of Kasten, was ruled out on objection made by appellee, which, we think, should have been admitted, for, as appellee was permitted to show the extent of his business in 1868, and a decrease in 1869, it was perfectly proper for appellants to show there was a general decline in business in which appellee was engaged, in Vandalia, and which must have affected, in some degree, appellee's business in common with that of others, and this without regard to the construction of the railroad.

We think these instructions were too broad and gave too much latitude to the jury, and must have led them from the true line of inquiry.

On a view of the whole case, we are of opinion appellee is entitled to damages for whatever deterioration in value his real estate may have undergone in consequence of laying the railway track, and to show this, testimony should be introduced as to the market value of the property before and since the injury of which complaint is made, laying out of view any inflated value arising from any cause. On this head proof of the rental value, before and since the construction of the road, would furnish some criterion by which to determine the extent of the injury.

On the other point, appellee is entitled to damages for interruption to his business during such time as would have

been necessarily employed in accommodating himself to another place of business equally eligible, and his removal thereto. During such time the damages to his business should be ascertained by proof of the probable and reasonable profits which might have been made upon sales had there been no interruption to the business of appellee by appellants. The necessary reasonable expenses attending the removal will be an element of damage. It can not be permitted appellee to remain in that locality transacting business at a loss, in order to make appellants chargeable therefor in the shape of damages.

It is the settled policy of this State and of all other States of the Union, that private interests must yield very much to these great public enterprises, now become a necessity; but whilst they must yield, full compensation must be awarded for the losses which may ensue. These must not be of an entirely speculative character, but be based on a solid foundation, and we know of none more solid than that herein indicated.

By the rule here laid down, appellee will obtain satisfaction for all the injury of which he complains.

With these views the judgment of the court below must be reversed, and the cause remanded, that a new trial may be had on the basis of this opinion.

*Judgment reversed.*