## St. Louis, Vandalia and Terre Haute Railroad Co.

### v.

### Ebenezer Capps.

1.  Measure of damages—*by construction of a railroad along a public street, under an ordinance of the town providing for damages.* Where a railroad company built its road along the street of a town, under an ordinance granting the right of way upon condition that the company should pay all damages that might accrue to the property owners on such street, by reason of the construction of the road, it was *held*, that the company was liable to a property owner for whatever deterioration in value his real estate may have undergone in consequence of laying the railroad track, and for damages for interruption to his business during such time as it would necessarily require to provide another equally eligible place, and remove thereto, and that the damage to his business during such time should be ascertained by proof of the probable reasonable profits which might have been made had there been no interruption to the business.

2.  In a case where a railroad company was liable to a property owner, by reason of interruption to his business, for the expense of finding and removing to another place of business, and for reasonable probable profits during the time occupied in finding and removing to such other place which he could have made had there been no interruption, it was *held*, that the property owner, if he chose to remain and submit to the interruption and loss of profits, was, nevertheless, entitled to recover from the company, as damages, the necessary cost of avoiding such loss by a removal.

3.  Where the ordinance of a town granted the right of way to a railroad over a street of the town, on condition that the company should pay all damages which might accrue to property owners by reason of the construction of the road, the company was held liable for all damage done to property owners during the time the construction of the road was progressing, as well as for such as were caused by the construction thereof when completed.

4. In such case the railroad company is liable to the property owner for damage done to the premises of the latter, by turning waste and surface water and mud upon them, in the construction of the railway.

5. EVIDENCE—*what competent, as tending to show nature and extent of damage to property owner by reason of construction of railroad.* In a case where a railroad company, by accepting the terms of a town ordinance granting the right of way over one of its streets, became liable to pay to the property owners all damages they might sustain by the construction of the railroad, it was *held*, in a suit by a property owner, that it was, under the ordinance, competent for him to prove that his store was situated on the corner of the street along which the road ran and another street; that dirt was thrown up at the corner, so that for a time travel was entirely interrupted; that, by reason of the occupation of the street by the road, there was but a narrow passage left for travel, and there was not room enough for teams to turn into the street; that teams could not approach the store, on account of the running of cars; that there was no place to hitch teams or unload conveniently, and, on account of the frequent passage of trains, it was dangerous for teams to be left standing or to pass along the street in front of the store—as tending to show in what manner the property was injuriously affected and damaged by the construction of the road.

APPEAL from the Circuit Court of Shelby county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. R. W. THOMPSON, and Messrs. THORNTON & WENDLING, for the appellant.

Messrs. MOULTON & CHAFFEE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by the appellee, an owner of real property situated on Main street, in the town of Vandalia, against the defendant, to recover for damages sustained by reason of the construction of its railroad over and along said street.

The plaintiff recovered a verdict and judgment for $10,820, and the defendant appealed to this court.

The claim for recovery is founded upon an ordinance of the town of Vandalia granting the right of way to the defendant for its railroad through the town, over and along

its streets, upon the following condition, among others: "That the said railroad company are to be held bound to pay all damages that may accrue to the property owners on said Main street" (the one in question) "by reason of the construction of said railroad."

Errors are assigned in regard to the admission of testimony, the giving and refusing of instructions, and that the damages are excessive.

The questions upon the admission of evidence and the instructions respect the kind of damages which are recoverable, and turn chiefly upon the ordinance of the town of Vandalia.

This case has once been before this court, where this ordinance, in respect to the damages recoverable, received a construction in a decision rendered at the June term, 1872. (67 Ill. 607.) It was there laid down that the appellee was entitled to damages for whatever deterioration in value his real estate may have undergone in consequence of laying the railway track, and to damages for interruption to his business during such time as would have been necessarily employed in accommodating himself to another place equally eligible, and his removal thereto; that, during such time, the damages to his business should be ascertained by proof of the probable reasonable profits which might have been made upon sales, had there been no interruption to the business of appellee by appellant; that the necessary reasonable expenses attending the removal would be an element of damages. So far as that decision goes, it must be taken as the law of this case.

All the evidence in respect to appellee's business, which was objected to, was within the rule there laid down; but it is claimed that, as there never has been any removal by appellee, nothing is allowable for interruption of business. The same state of facts, substantially, was presented before us on the former occasion, as now. There was no pretense that there had been, or was to be, any actual removal; but it was considered that, if appellee remained upon the premises, and

submitted to the loss in respect to his business which he would suffer by reason of the railroad, he should, nevertheless, be allowed, as damages, for the necessary cost of avoiding such loss by a removal from that place of business.

It is insisted that appellee's third refused instruction should have been given, to-wit: that the defendant is not liable for any damages the plaintiff may have sustained while the work of construction of the road was in progress, and is only liable, under the ordinance, for such damages as would ensue from the work after its completion.

. The liability, under the ordinance, is, to pay all damages that may accrue by reason of the construction of the railroad. We do not see why this should not embrace all damages caused by the building of the railroad—as well those accruing during the progress of the building of the road as those sustained after the time of its completion. If, during the time of the building of the road, by the work of its construction, the rental value of appellee's premises was diminished, it may be fairly said to be damage accruing by reason of the construction of the railroad.

The opposite construction which the instruction adopts appears to be a too narrow one, and unwarranted. It was said in the former opinion, that the provision was very broad and comprehensive in respect to the damages to which the company might be liable, and must control as the contract of the parties.

· Objection is taken to the giving of an instruction for the plaintiff, to the effect that defendant was liable for the damage done to plaintiff's premises. by turning waste and surface water and mud upon them, the ground of objection being that there is no liability on the part of the defendant for damages of that character; but this court has repeatedly held that municipal corporations, in the improvement of public streets, and railway corporations, in the construction of their railroads, are responsible for damages caused to adjacent land owners, by turning surface water upon their premises.

*Nevins* v. *City of Peoria*, 41 Ill. 502; *City of Aurora* v. *Reed et al.* 57 id. 29; *Gilham* v. *Madison County Railroad Co.* 49 id. 485; *Toledo, Wabash and Western Railway Co.* v. *Morrison*, 71 id. 616, and see *Gormley* v. *Sanford*, 52 id. 158.

It is objected that testimony was admitted as to obstructions and embankments on Fourth street, and as to danger from the approach and passage of trains of cars. The testimony in this respect was, that appellee's store was situated on the corner of Main and Fourth streets; that dirt was thrown up at the corner, so that an embankment extended on Fourth street, and that for a time travel was entirely interrupted on that street; that, by reason of the occupation of Main street by the railroad, there was but a narrow passage left for travel; that there was not room enough for teams to turn in the street; that teams could not approach the store, in consequence of the running of cars; that there was no place to hitch teams or unload conveniently, and on account of the frequent passage of trains, it was dangerous for teams to be left standing or to pass on Main street, in front of the store. We think, under the ordinance, this was legitimate testimony, as tending to show in what manner the property was injuriously affected and damaged by reason of the construction of the railroad.

With regard to the amount of the damages, the witnesses, as is not unusual, disagreed widely in their estimate of the value of appellee's property before it was affected by the construction of the railroad, varying from $10,325 to $26.855. The decrease in its value, caused by the construction of the road, only one witness placed as low as forty per cent, the rest of the witnesses estimating it at one-half, two-thirds and three-fourths.

Upon consideration of the whole testimony in regard to the value and depreciation of value of the property, and that in regard to damage to appellee's business, under the rule and during the time as prescribed in the former decision of this court, we can not view this as a case where we are called upon

to set aside a judgment because of the excessiveness of the damages.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT and Mr. JUSTICE MCALLISTER: We do not concur in the opinion, or decision, in this case.

Mr. JUSTICE SCHOLFIELD, having been of counsel in this case in the court below, took no part in its decision.