The Chicago, Milwaukee and St. Paul Railway Company

*v.*

William P. Hock *et al.*

*Filed at Ottawa November 13, 1886.*

1. Eminent domain—*elements of damages—cost and inconvenience of removal of business.* Where an entire lot of ground upon which the owner is engaged in business, is condemned for the use of a railway company, the cost and inconvenience of the removal of the business to some other place are proper elements of compensation.

2. Trial by jury—*in condemnation proceedings—and the waiver of the right.* In a proceeding to condemn land for railroad uses, either party has the right to have the compensation to be paid, assessed by a jury, and it will be error to deny such privilege.

3. But the right to a trial by jury, conferred by the constitution, in a proceeding to condemn lands for public use, is a privilege which the parties may waive or dispense with; and a waiver of a jury, and finding by the court without a jury, will not render the assessment and judgment void.

4. Waiver—*of party's rights.* A right or privilege conferred by the constitution or a statute, may be waived by a party in a civil proceeding, where no one else is to be affected thereby.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. WALKER, for the appellant, contended that the court had no jurisdiction to enter a judgment, except upon the finding of a jury,—citing the following among other cases: *Rich* v. *Chicago,* 59 Ill. 286; *Kine* v. *Defenbaugh,* 64 id. 291; *Mitchell* v. *Railroad Co.* 68 id. 286; *McManus* v. *McDonough,* 107 id. 95; *Fleischman* v. *Walker,* 91 id. 319; *Hoagland* v. *Cree,* 81 id. 508; *Fahs* v. *Darling,* 82 id. 144.

The cash value of the property was the only proper measure of damages. *Railroad Co.* v. *Walsh,* 106 Ill. 253.

Mr. FRANCIS LACKNER, and Mr. GEORGE F. BLANKE, for the appellees, contended that the trial by jury was a privilege that a party might waive, and that the jurisdiction of the court did not depend upon an assessment by a jury,—citing in support of their various propositions, *Bowman* v. *Railroad Co.* 102 Ill. 472; *Rockwell* v. *Jones,* 21 id. 285; *Hill* v. *Ward,* 2 Gilm. 293; *Bowden* v. *Bowden,* 75 id. 111; *Cancemi* v. *People,* 18 N. Y. 128; *Tombs* v. *Railroad Co.* 18 Barb. 583; Cooley's Const. Lim. 239; *Embury* v. *Dunlap,* 6 Col. 554; Sedgwick on Stat. and Const. Law, 88.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding instituted by the Chicago, Milwaukee and St. Paul Railway Company, in the Superior Court of Cook county, to condemn, for railroad purposes, lot 7, block 18, in Carpenter's addition to Chicago, under the law of eminent domain.   The title to the property was in William P. Hock, and Wilhelmina Hock, his wife.   Others, who were made parties to the proceeding, claim an interest in or lien on the premises.   All the parties, in open court, waived a jury, and agreed to a trial of the cause by the court.   The court heard the evidence, and entered on the record a finding and judg-

ment, as follows: "The court being sufficiently advised, doth find that the value of the property in controversy, to-wit, lot 7, in block 18, in Carpenter's addition to Chicago, is the sum of $10,000. The court also finds that the value of the frame buildings, situated in the rear of said lot, is the sum of $2500. The court also finds that the value of the partially constructed brick building upon the front part of said lot, as a part of a building to be completed upon said lot, including the present cost of the construction thereof, and the respondent's own trouble and loss of time in the preparation of said building, and for loss of use of capital invested therein, for architect's fees, the amount for which the respondent is liable to contractors, and the inconvenience and cost of the removal of his business from said premises, the sum of $5500, making a total compensation for all damages resulting from the taking of said premises, the sum of $18,000. Therefore it is ordered and adjudged by the court, that the full compensation for the taking of the said premises, and for all damages to the respondents, William P. Hock, and Wilhelmina Hock, his wife, shall be the sum of $18,000, of which sum $966 is to be paid to Gustav Wolff, in full of his claim upon the premises; * * * that petitioner may enter upon said premises, and shall have exclusive possession thereof, for the use and purpose of said railroad company, upon the payment of said sum of $966 to said Wolff, and the sum of $17,034 to the said William P. Hock."

Two grounds are urged for a reversal of the judgment, by the railway company: First, the judgment is claimed to be excessive; second, that the court had no jurisdiction to hear and determine the cause in the absence of a jury.

No complaint is made, in the argument, in regard to the value the court placed upon the lot itself, nor is any particular fault found with the valuation of $2500, which the court, under the evidence, placed upon the frame buildings in the rear of the premises. But the amount ($5500) allowed by

the court on account of the brick building on the front of the
lot, which was partially constructed, appellant claims is in
excess of a just compensation.    We have carefully examined
the evidence bearing upon this item, and while the amount
allowed, in view of all the evidence, may seem somewhat large,
still there was evidence introduced on the trial which might
justify the amount fixed by the court, and we are not prepared
to say that the amount allowed was so excessive as to author-
ize an appellate court to reverse upon that ground alone.    The
court saw all the witnesses, and heard them testify on the
stand, and was thus better prepared to determine what weight
should be given to the testimony of each witness, than we are
from an examination of the evidence on paper.

It has been suggested in the argument, that the court,
in assessing damages, heard and took into consideration evi-
dence of the loss of profits sustained by Hock in the inter-
ruption of his business for three months.    In the finding of
the court, incorporated in the record, no mention whatever is
made in regard to loss of profits, and from the judgment and
finding it is evident that element formed no part of the judg-
ment.    The inconvenience and cost of removal of the busi-
ness from the premises condemned, are mentioned as elements
of damages proper for consideration.    This, however, is in
harmony with the ruling in *St. Louis, Vandalia and Terre
Haute Railroad Co.* v. *Capps,* 67 Ill. 607.

In regard to the second question,—that the court had no
jurisdiction,—it is predicated on the terms of section 13,
article 2, of the constitution, which provides as follows:
"Private property shall not be taken or damaged for public
use without just compensation.    Such compensation, when
not made by the State, shall be ascertained by a jury, as
shall be prescribed by law."    Prior to the adoption of the
constitution of 1870, neither the organic law nor the statute
guaranteed a jury trial where property was condemned for
public use.    This section of the constitution was no doubt

intended as a new protection to the citizen,—one not theretofore enjoyed,—an additional safeguard placed in the hands of the citizen, to which he might resort when a necessity seemed to exist, to afford him full compensation for property taken. In a proceeding to condemn lands for railroad purposes, it may be regarded as a plain proposition that each party has a right to have the matter involved tried by a jury, and should the court, when the proceeding may be pending, deny the right, and proceed to judgment, the judgment rendered would be erroneous. But is a judgment in a proceeding of this character, where a jury has not been called, void, or is such judgment merely erroneous? The facts set up in the petition to condemn, filed by the railroad company, were sufficient to confer jurisdiction of the subject matter. The service of summons conferred jurisdiction of the person. The court therefore had jurisdiction both of the subject matter and of the parties, and where the court has jurisdiction of the parties and of the subject matter, the general rule is, that the judgment, although it may be erroneous, is valid until reversed on appeal or writ of error. In *Bowman* v. *Venice and Carondelet Ry. Co.* 102 Ill. 472, this court held that the filing of a petition and service of process, in a proceeding to condemn lands for railroad purposes, conferred jurisdiction of the person and subject matter. It was also held, that the rule requiring great strictness in statutory proceedings had no application to a proceeding to condemn lands, under the statute. Section 42 of our Practice act provides: "In all cases in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court." Here is a statute expressly authorizing parties to waive a jury, and why they may not waive a privilege conferred by a constitution, when expressly authorized to do so by the statute, is not readily seen.

We think the right of trial conferred by the constitution was a mere privilege, which, in a civil proceeding like this,

may be waived or dispensed with by the parties, and in this we are sustained by other courts. In Sedgwick on Statutory and Constitutional Law, 111, it is said a party may waive a constitutional as well as a statutory provision made for his benefit. So it has been repeatedly decided that a party may waive the right to a trial by jury, although that mode of proceeding be guaranteed to him by the constitution. In New York it has been held that a privilege conferred by a constitution may be waived in a civil proceeding. (*People* v. *Murray,* 5 Hill, 472; *Lee* v. *Tillotson,* 24 Wend. 337; *Embury* v. *Conner,* 3 N. Y. 515; *Baker* v. *Braman,* 6 Hill, 47.) Here, the constitutional provision was made for the benefit and protection of the land owner,—a privilege given him in all cases where a proceeding was instituted to take his land for public use,—that he might have the compensation to be awarded, determined by a jury. But is that right so sacred that he can not waive it if he thinks best? We think not. It will be remembered that this is a civil proceeding,—a civil suit,—a case in which the railroad, a private corporation, is interested on the one side, and the land owner on the other. The amount of damages to be awarded does not affect, or in any manner concern, the public, or any person, except the railroad and the land owner, and we perceive no reason why the parties, the public having no interest, might not, on the trial, avail themselves of the statute, and waive a jury, and submit to a trial before the court. This they did, and, as said before, the court had jurisdiction of the person and of the subject matter, and the judgment was valid, the error or irregularity in proceeding without a jury having been waived by the parties.

The judgment will be affirmed.

*Judgment affirmed.*