JACOB GOTTFRIED BRAUN, impleaded, etc.

*v.*

THE METROPOLITAN WEST SIDE ELEVATED RAILROAD CO.

*Filed at Ottawa November 23, 1896—Rehearing denied May 11, 1897.*

1. EMINENT DOMAIN—*in condemnation, the matter of separate trials rests with the trial court.* It rests in the discretion of the trial court, under section 5 of the Eminent Domain act, (Rev. Stat. 1874, p. 476,) whether defendants in condemnation may have their damages assessed by the same or different juries, and if such discretion is not abused the trial court's decision will not be disturbed.

2. SAME—*verdicts in condemnation, rendered on conflicting evidence, will not be disturbed.* Where the jury have viewed the property, and the evidence is conflicting, the Supreme Court will not interfere with the verdict unless it is so manifestly against the evidence as to indicate misconduct on the part of the jury.

3. DAMAGES—*market value is ordinarily the measure of damage for land condemned.* Ordinarily, just compensation to an owner of private property condemned for public use is its fair cash market value, and in estimating the compensation damages to personal property, and the expense of its removal, etc., will not be considered.

4. SAME—*in exceptional cases cost of removal of business may be allowed.* In exceptional cases the damage to personal property, cost of removal, interruption and re-establishment of business, etc., may be considered in estimating the just compensation to be paid for the property condemned.

5. SAME—*proper foundation must be laid for allowance of exceptional items of damage.* When a consideration of matters of inconvenience, loss of profits, cost of removal and re-establishment of business, etc., as damages for property taken, is permissible, a proper foundation must be laid therefor to aid the jury or court in determining a fair cash value for the property in view of its particular use.

6. SAME—*damages, to be recoverable, must be substantial.* Damages in condemnation must not be merely contingent or speculative, and, although damages may appear, unless they are susceptible of estimation from the evidence introduced, no more than nominal damages can be allowed.

7. SAME—*when exceptional items of damage will not be allowed.* Where only part of property is taken by condemnation, proof of damages which would result to the owner's goods from moving, loss by interruption and re-establishment of business, loss on catalogues on hand, etc., is properly excluded, in the absence of evidence showing that a removal from the property will be necessary.

Appeal from the Superior Court of Cook county; the Hon. Henry V. Freeman, Judge, presiding.

M. Salomon, (S. P. Shope, of counsel,) for appellant.

E. J. Harkness, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from the judgment of the Superior Court of Cook county fixing the compensation of and condemning property owned by appellant, Braun, for the use of appellee, in the construction of its elevated railroad.

The petition sought the condemnation of several pieces of property owned by different proprietors. Previous to the trial, appellant, Braun, moved the court to allow him a separate trial, which motion he supported by his affidavit. The motion was overruled and he excepted, and he now assigns that ruling for error, upon which he insists that there should be a reversal of the judgment below. Section 5, chapter 47, of the Revised Statutes of 1874, entitled "Eminent Domain," provides: "Any number of separate parcels of property situate in the same county may be included in one petition, and the compensation for each shall be assessed separately, by the same or different juries, as the court or judge may direct." Under this statute we held in *Concordia Cemetery Ass. v. Minnesota and Northwestern Railroad Co.* 121 Ill. 199, that whether or not a separate trial should be allowed was discretionary with the court, and in the absence of anything to show an abuse of that discretion in refusing a separate trial the action of the court would not be interfered with. There is nothing here to indicate that appellant did not have as full, fair and adequate a hearing together with the other parties to the petition as he could have had upon a separate trial, and there was therefore no abuse of the court's discretion, and hence no error in that regard.

The principal ground of reversal insisted upon is, that the amount of compensation and damage awarded appellant by the jury and judgment of the court is inadequate. The property is a twenty-five foot lot fronting east on Paulina street, and extending back one hundred and twenty-five feet to an alley. At the time of this condemnation proceeding the entire lot was covered by buildings. Fronting on Paulina street was a two-story and basement building covering the width of the lot and extending back seventy-four feet, which was constructed for a residence. Subsequently an addition of twenty-six feet, one story high, built of brick, was added, and still later an addition was constructed twenty-five feet further back, adjoining the last mentioned part and extending back to the alley. Appellant's business was that of a dealer in ornamental iron goods, such as iron mouldings, door knobs, hinges, rosettes, etc. After erecting the two additions last mentioned he occupied the first building basement, the one-story building and the first floor of the two-story building on the alley for storage purposes, the second story of the last addition as a shop, the first floor of the dwelling house as an office and the upper story as a residence. The petition sought the condemnation of thirty-four and one-half feet off the west end of the lot, abutting on the alley. The cause was tried by a jury, which, under the directions of the court, viewed the premises and heard the evidence of the respective parties as to the compensation and damages, and fixed the amount at $3992.20. We have carefully considered the evidence relied upon by appellant as showing that this verdict is so inconsistent with the weight of the testimony as that the court below should have set it aside, and this court, for its failure to do so, should reverse the judgment. It has been often decided by this court that in cases of this kind, where the jury have viewed the premises and the evidence is conflicting, we will not interfere with the verdict unless it is so manifestly con-

trary to the preponderance of the evidence as to indicate misconduct on the part of the jury.    See *West Side Elevated Railroad Co.* v. *Johnson*, 159 Ill. 434, and cases cited.

But it is said the court erred in refusing to allow proof of certain elements of damage offered by appellant,— that is to say, damages which would result to appellant's goods by being moved from the building, interruptions in the business of appellant in packing, moving and reestablishing his business, and the number and value of certain catalogues of the goods bought and sold by appellant.    The general rule is, that just compensation to the owner of private property taken or damaged for public use is to be measured by its fair cash market value. We said in *Dupuis* v. *Chicago and Northwestern Railway Co.* 115 Ill. 97 (on p. 99): "The fair market value would always give the owner just compensation, and that is all he is entitled to receive under the law.    If the lots were devoted to some particular use and in consequence of such use had an intrinsic value, the owner, in such case, in order to get just compensation, would be entitled to recover whatever the lands were worth for the use or purpose to which they might be devoted." (See Lewis on Eminent Domain, sec. 478.)    This rule excludes all evidence as to the amount of business done or which could be done in the property, or the probable profits arising therefrom.    (*Jacksonville and Southeastern Railway Co.* v. *Walsh*, 106 Ill. 253.)    "It is a general rule that damages to personal property, or the expense of removing it from the premises, cannot be considered in estimating the compensation to be paid." (Lewis on Eminent Domain, sec. 488, and authorities cited in note 4.)    In *Chicago, Milwaukee and St. Paul Railway Co.* v. *Hock*, 118 Ill. 587, the circuit judge before whom the trial was had by agreement, without a jury, allowed the owner $5500 for several different items of damages without stating how much was allowed for each, and among which was "the inconvenience and cost of the removal of his business from

said premises." Upon what evidence the item was allowed, or how much was allowed for that particular item, did not appear.   The allowance was held not reversible error on the authority of *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Capps,* 67 Ill. 607.   That was an action on the case, and the defendant was held liable under the provisions of a city ordinance, and not under the Eminent Domain law of the State.   The *Hock case* does recognize the rule that loss of profits sustained by the interruption of business is not a proper element of damage.   In *Atchison, Topeka and Santa Fe Railroad Co.* v. *Schneider,* 127 Ill. 144, the question of compensation being between the petitioner and holders of leases on the condemned property, both parties proceeded upon the theory that the tenants were entitled to receive the reasonable cost of removing and re-establishing their business, loss of business, etc., and hence the measure of compensation was not in controversy or decided.   The effect of our holding in the late case of *Metropolitan West Side Elevated Railroad Co.* v. *Siegel,* 161 Ill. 638, is, that in exceptional cases the cost of removal from the premises, interruption in business, etc., may properly be considered in estimating the fair cash value to the owner, and the allowance of such items in that case was sustained solely on the ground that the petitioner had, as in the *Schneider case,* conceded upon the trial that that might properly be considered.

All the cases recognize the general rule as stated, and it is certainly true that when the owner has been allowed the full cash market price of his property, taking into consideration the use to which he has devoted it, he has received just compensation therefor; and whenever a consideration of matters of personal inconvenience to the owner, loss of profits, damage to personal property and cost of removal, is permissible, it must be when a sufficient foundation therefor has been laid, so that their consideration simply aids the jury and court in determining the fair cash value of the property, in view of its pres-

ent use. There is nothing in this case to bring it within any exception to the general rule. It will be seen that each item of the excluded evidence above mentioned was based upon the assumption that the respondent would be compelled to remove his business from the property. Whether such removal will be absolutely necessary or not is not shown, the case, in this regard, being clearly distinguishable from those in which the entire property is taken or destroyed. The respondent himself testified: "After the railroad company takes thirty-four and one-half feet from my lot the remainder will be insufficient for the purpose of my business as I now conduct it." He then states how he would be put to inconvenience in handling the stock, but he does not say that he would be compelled to remove the stock or that he expects to do so.

The offer to prove the length of time necessary for the removal of the stock was not, in fact, refused. It is true that questions put to the witness Hickey in different forms was objected to and the objection sustained, but he was allowed to answer, over objection, the question, "What, in your opinion, would be the period of time during which Mr. Braun would be necessarily prevented from transacting his business in moving from one place to another?" and answered, "I should judge ninety days." The only purpose of the testimony, if it had been competent, was to fix a basis upon which to estimate loss of profits by the interruption of business while moving, and whether the time consumed was in packing the goods, or otherwise, could make no difference. The same witness was introduced for the purpose of proving that in the removal of that stock of goods damage would be done to the property by breakage, etc., and the offer, as stated by counsel, was to prove a loss of from fifteen to twenty per cent, or, on a stock of $40,000, from $6000 to $8000 damages. If this were true, the handling and shipment of such goods when purchases and sales were made, would, to say the least, render the business very hazardous and

the goods of very little utility. But, leaving out of view the unreasonableness of the claim, no effort was made to show the facts upon which the opinion was asked, but the witness was simply asked to state what, in his opinion, would be the extent of the damage.

The claim for loss on the catalogues is based upon the idea that the owner is entitled to damages which may result from the loss of benefits from the advertising of his business merely on account of the change of location. It is a rule well established in condemnation proceedings of this kind, that damages, to be recoverable, must be immediate, and not merely contingent, conjectural or speculative, and that, although damages may appear, unless they are susceptible of estimation from the evidence introduced no more than mere nominal damages can be allowed. Applying that rule to each of the offered items of evidence, in view of the absence of a proper foundation upon which to base them, no substantial allowance could have been made therefor if the offered evidence had been admitted, so we think the court below properly excluded the evidence.

It is insisted that the circuit court erred in permitting the petitioner to prove the effect of the building of their elevated railroad in the city upon adjacent property. In view of the evidence introduced by the respondent as to prospective injury to his remaining property by the construction and operation of the road, we think this testimony was properly admitted.

It is suggested, though not insisted upon, that the court erred in the modification of the first instruction asked by appellant. The instruction as offered was to the effect that respondent was entitled to recover damages for removal of his business and loss of profits, and damages by the destruction of the catalogues, as applicable to his then place of business. From what we have already said it will appear that the court would have been fully justified in refusing the instruction altogether.

The modification was only to the extent of limiting his right to damages for those items upon condition that the jury should believe, from the evidence, that a removal would become necessary.

We have been unable to discover any substantial error or irregularity in this proceeding, and the judgment of the Superior Court will be affirmed.

*Judgment affirmed.*