### Trout Auto Livery Company, Defendant in Error, v. The People's Gas Light & Coke Company, Plaintiff in Error.

### Gen. No. 16,270.

1. AUTOMOBILES—*what not essential to exercise of ordinary care.* In order that the driver of an automobile shall be in the exercise of ordinary care it is not essential that he anticipate that the driver of another automobile with whom he comes in collision will violate the law of the road by driving on the wrong side of the street.

2. AUTOMOBILES—*who liable for acts of driver.* A person put in charge of an automobile to try it out for another who is subject to the direction and control of such other, is his agent and servant no matter how many other employments he may then have had with others.

3. DAMAGES—*when loss of profits may be shown.* In the case of injury to an automobile, where no rental value can be definitely established it is proper to award loss of profits where they can be clearly and certainly established.

Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 13, 1912.

SEARS, MEAGHER & WHITNEY, for plaintiffs in error; JAMES F. MEAGHER, EDWIN HEDRICK, JR., and FREDERICK A. FREEARK, of counsel.

WALTER J. MILLER, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

In a trial without a jury Trout Auto Livery Company recovered judgment in the sum of $385 against The Peoples Gas Light & Coke Company, plaintiff in error. Defendant in error's claim is for damages sustained, January 20, 1909, to its automobile, and for loss of sixteen days' use of the same, by reason of a collision with plaintiff in error's automobile at the crossing of Jackson boulevard and Homan avenue, Chicago.

It is strenuously insisted by plaintiff in error that the evidence does not support the judgment. The testimony for the defendant in error tended to show that its automobile, which will be referred to in this opinion as the taxicab, while being driven southward on the west or right side of Homan avenue and across Jackson boulevard by its chauffeur, Robert A. Forrester, at from ten to fifteen miles per hour, was violently struck and damaged by plaintiff in error's machine, hereinafter designated as the automobile, while being driven westerly over the same crossing on the south or left side of Jackson Boulevard at a speed of about twenty miles per hour, and that the collision occurred within about ten feet of the line of the south curb of Jackson boulevard. The testimony for the plaintiff in error tended to prove that the automobile was being driven westward on the north or right side of Jackson boulevard about five feet south of the north curb and collided with the taxicab on a line about five feet south of the north curb of the boulevard and about ten feet east of the line of the west curb of Homan avenue; that at the time of the collision the automobile was running at a speed of less than eight miles an hour, while the taxicab was running fifteen or twenty miles an hour, and had not sounded a horn or other signal while approaching the boulevard; and that the driver of the automobile threw out the clutch

and put on the brakes and did everything he could to avoid a collision after he saw the taxicab. Mr. Ely, the driver of the automobile, testified that when he first saw the taxicab he was about ten feet east of the east line of the avenue and driving at the rate of eight or nine miles an hour, and that at that time the taxicab was about as far north of the boulevard as he could see up the avenue from his position, running about twenty miles an hour. He also testified that at the moment of the collision his car was traveling about two miles per hour, and that his machine stopped dead still when it struck the taxicab, and that after waiting a short time he moved his machine forty to sixty feet westerly off the crossing and then stopped to see what had happened to the taxicab. He is corroborated by the testimony of two witnesses riding in his car at that time, the superintendent of the purchasing department, and a clerk, of the plaintiff in error. They were contradicted in these matters by Mr. Forrester and a policeman who testified that the automobile was driven by its own momentum twenty-five to forty feet after colliding with the taxicab. The physical facts also seem to corroborate plaintiff in error's witnesses. The taxicab was very much battered up generally, the rear axle was broken, the rear left wheel dished, and the running board, one rear light, and the rear fender were so badly damaged that it required an expense of $225 to repair the machine. All the witnesses agree that the taxicab skidded to the curb stone at the southwest corner of the crossing sidewise and turned over with its right side on the curb there. It is also undisputed that the left front side of the automobile struck the left rear wheel of the taxicab, just touching the taxicab as some of the witnesses put it. It is almost inconceivable that such a collision, as described by plaintiff in error's witnesses, could have taken place on the north side of Jackson boulevard, said to be about eighty feet wide, and have driven the taxicab so far and have done so

much damage, with the automobile traveling at the rate of only two miles an hour. The expert evidence shows that an automobile of the kind in question, when moving at a speed of eight or nine miles an hour, can be stopped within the distance of eight or ten feet. The court was warranted in finding that plaintiff in error's witnesses were mistaken as to their position and speed at and after the time when they first discovered the taxicab, and that they must have been traveling on the left or south side of the boulevard at a high rate of speed. These are the most important facts to be determined in the case in solving the question of the contributory negligence of the respective chauffeurs. To be in the exercise of ordinary care the law did not require Forrester to anticipate that Ely, the chauffeur on the automobile, would violate the law of the road by driving his machine on the left side of the street. This may account in a great degree for the failure of Forrester to see the automobile, when he looked to see if the way was clear, as he claimed. Seeing no automobile or other vehicle on the right side of the boulevard coming in his direction he was warranted in assuming that there would be none on the other side, for the law of the road, "keep to the right," is one of the oldest and best known laws of the road or the street. While the evidence bearing on the question of the contributory negligence of the chauffeur of the taxicab was a close question, yet, we do not think we are warranted in reversing the finding of the court on that ground, and certainly not on the question of plaintiff in error's negligence.

The evidence in this case clearly established the fact that plaintiff in error was the owner of the automobile, and this is not disputed. Ely, the driver of the automobile, testified: "The Peoples Gas Light and Coke Company turned this automobile over to me. Mr. Mayer, the purchasing agent for the Gas Company, is the one who turned the car over. I think

he thought it would be a good way to try it out and see whether it was a good thing. I had been operating the car for them since the middle of the summer and had run about six thousand miles before this time.'' Mr. Mayer and another employe of plaintiff in error and Mr. Ely were the only occupants of the automobile when the collision occurred. This evidence is sufficient to prove that Ely was running the car by authority of the plaintiff in error, and for the purpose of trying or testing it. It makes a *prima facie* case, which was not rebutted. Hiroux v. Baum, 19 L. R. A. (N. S.) 332. The fact that Ely was employed by some other person to erect a building for plaintiff in error does not rebut the *prima facie* case. The real question is for whom was he running the machine and who had the control of the machine and the chauffeur as to the running of the machine. If he was put in charge of the machine to try it out for plaintiff in error, and was subject to their direction and control in the use thereof, he was their agent and servant as to the machine, no matter how many other employments he then had with others.

On the question of damages it is conceded that if the defendant in error can recover at all, that it should be allowed $225 for damages to the machine, the actual cost of repairing it. The item of $160 for loss of the use of the machine is the item of damages of which plaintiff in error complains. The objection to this amount is urged upon the ground that the value of its use was established by proving the average earnings of such a machine per day, less the expenses of running the same. Both parties and the court were of one mind that the reasonable rental value of the taxicab was the proper measure of damages for loss of its use. But it was proved on the trial that there were no taxicabs in Chicago for sale or rent and that only one other firm at that time in Chicago had them for use, and it was a competitor of defendant in error.

In other words, no taxicabs were being rented, and there were none for rent. The method adopted was one way of proving what the probable rental value would be, if taxicabs were put upon the market for rent. The evidence was proper evidence bearing on the worth of the taxicab's use, and it was proper to consider it. In such case where no rental value can be definitely established it is proper to award loss of profits of the business in question, where they can be clearly and certainly established. St. L., etc., Ry. Co. v. Capps, 72 Ill. 188; Shelbyville, etc., Ry. Co. v. Lewark, 4 Ind. 471.

The defendant in error lost the use of its machine for sixteen days, and the evidence tended to establish that the average of the net earnings of a taxicab per day at that time was about twelve to fifteen dollars, and that defendant in error was receiving about four or five applications per day for taxicabs that it could not supply. In the absence of evidence to rebut this showing, the damages are not excessive.

The judgment is affirmed.

*Judgment affirmed.*