## BRAY ET AL. *v.* TARDY ET AL.

### [No. 22,406.    Filed June 23, 1914.]

1. APPEAL.—*Burden to Show Error.*—It is the duty of appellant to show by his brief that there is reversible error.    p. 99.

2. APPEAL.—*Briefs.*—*Sufficiency.*—No question is presented by appellants' brief where merely abstract propositions are set out under "points and authorities" with no specific mention of any ruling that is relied on as error, but in such case questions may be presented by the discussion in appellees' brief of certain errors alleged by appellant.    p. 99.

3. EMINENT DOMAIN.—*Damages.*—*Opinion Evidence.*—*Instructions.* —In a proceeding for the condemnation of land for water-works purposes, an instruction that in assessing the amount of damages the jury is not required as a matter of law to accept the opinions of witnesses as to value, but that it must exercise its own judgment in determining that question, as well as the amount of damages, after a consideration of all the evidence, was not objectionable as stating that the jury should be the judge of the damages sustained without regard to the evidence.    p. 100.

4. APPEAL.— *Review.*— *Instructions.*— *Invited Error.*— An instruction given by the court, though probably erroneous, will not work a reversal, where from a consideration of the record it appears that the instruction was given for the purpose of sustaining appellants' contention that certain evidence to which appellants had objected should not be considered by the jury.    p. 100.

5. APPEAL.—*Review.*—*Refusal of Instructions.*—The refusal of requested instructions is not error, where they are substantially embodied in instructions given.    p. 101.

6. EMINENT DOMAIN.—*Damages.*—*Evidence.*—In a proceeding for the condemnation of land for water-works purposes, the admission of evidence as to revenue derived by the owner from the use of the land, and the water which it fronted, as a harbor, was

not error, since proof of the value for every purpose of the land sought to be taken is proper, and evidence of the revenue may be considered as throwing light upon the question of value. p. 101.

From Warrick Circuit Court; *Ralph E. Roberts,* Judge.

Condemnation proceedings by Madison J. Bray and others, as members of the Board of Water Works Trustees of the City of Evansville, against Frank Tardy and others. From a judgment awarding damages, this appeal is prosecuted. *Affirmed.*

*George A. Cunningham* and *Daniel H. Ortmeyer,* for appellants.

*J. E. Williamson,* for appellees.

ERWIN, J.—This was a proceeding instituted in the Vanderburgh Circuit Court by appellants, as members of the Board of Water Works Trustees of the city of Evansville, for the condemnation of certain real estate in Vanderburgh County, to be used in connection with the water works and filtration plant belonging to the city of Evansville. A change of venue was taken to Warrick County where the cause was tried, which resulted in a verdict and judgment for appellees in the sum of $6,000.

It is the duty of appellants to show by their brief reversible error. In that part of the brief filed by appellants devoted to propositions, points and authorities, as required by clause 5 of Rule 22 of the rules of this court, four abstract propositions of law are set out under separate headings, under three of which are numerous citations, but no specific mention is made of any ruling relied on as error. This does not comply with the rule, and presents no question for our consideration. *Kauffman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481. If it were not for the fact that appellees, in their brief, refer to and discuss certain alleged errors, there would be no question for our decision.

Appellants complain that the court erred in giving instruction No. 4. The part of the instruction complained of reads as follows: "I instruct you that in assessing the amount of damages, the jury are not required as matter of law to accept the opinion of witnesses as to values, but must exercise your own judgment in determining that question, as well as the amount of damages, after considering all the evidence in this case, which may throw any light on the subject of damages sustained by the defendant Tardy". We are of the opinion that the court meant that the jury was not bound to take the opinion of any particular witness as to value of the real estate and damages, but that the value of the real estate was to be fixed by the jury aftei considering all the evidence in the case on the question of damages, and was not open to the construction claimed by appellants, that the jury should be 'the judges of the damages sustained without regard to the evidence.

Appellants complain that instruction No. 5 is erroneous. The instruction is as follows: "The court directs you, that the opinion of witnesses as to the value of the property in question, should be given such weight as the jury may believe the same is entitled to, taking into consideration the knowledge of such witnesses as to such value, and you are directed to disregard the evidence of each witness as to the value of the property, who discloses by his evidence that he did not know the market value of the property for all the uses to which it could be reasonably put." This instruction probably is erroneous and would be reversible error were it not for the fact that appellants have invited the error. It is pointed out by appellees that during the trial of the cause, certain witnesses for appellees testified as to the value of the lands taken, if used for harbor purposes, to which evidence appellants objected and moved to strike out for the reason that these witnesses were not acquainted with the value of the land for all, or other purposes and the court,

by this instruction was evidently sustaining appellants' contention that the evidence of the witnesses should not be considered. This was an instruction favorable to appellants, and they can not complain. Appellants complain of the court's refusal to give instructions Nos. 1, 5, 6 and 7 tendered by them. Without setting out these instructions it is sufficient to say that the substance of each of these instructions was embodied in other instructions given by the court.

Appellants contend further that the court erred in permitting evidence as to revenue derived from the use of the real estate, and the water which it fronted as a harbor. It was proper to prove the value of the property sought to be condemned for every purpose for which it could be used. As an element of value the revenue it was producing was proper to be considered by the jury as throwing light upon the question of value. *Kennebec Water Dist.* v. *Waterville* (1902), 97 Me. 185, 54 Atl. 6, 60 L. R. A. 856; *Chambersburg, etc., Co.* v. *Turnpike Road* (1902), 20 Pa. Super. Ct. 173; *Braun* v. *Metropolitan, etc., R. Co.* (1897), 166 Ill. 434, 46 N. E. 974; *St. Louis, etc., R. Co.* v. *Capps* (1874), 72 Ill. 188; *Chicago, etc., R. Co.* v. *McGrew* (1891), 104 Mo. 282, 15 S. W. 931; *Chicago, etc., R. Co.* v. *Eaton* (1891), 136 Ill. 9, 26 N. E. 575; *Jacksonville, etc., R. Co.* v. *Walsh* (1883), 106 Ill. 253; *Cincinnati, etc., R. Co.* v. *Zinn* (1868), 18 Ohio St. 417; *Pittsburgh, etc., R. Co.* v. *Vance* (1886), 115 Pa. St. 325, 8 Atl. 764; *Stolze* v. *Mantiowoc, etc., Co.* (1898), 100 Wis. 208, 75 N. W. 987; *Weyer* v. *Chicago, etc., R. Co.* (1887), 68 Wis. 180, 31 N. W. 710.

It is further insisted by appellants that the verdict is not sustained by sufficient evidence and is contrary to law. We have examined the evidence in the case, and find there is abundant evidence to support the verdict. There being no reversible error in the record the judgment is affirmed.

NOTE.—Reported in 105 N. E. 772. As to the special value of property for the purpose for which it is taken as an element of compensation in condemnation proceedings, see 11 L. R. A. (N. S.) 996; 46 L. R. A. (N. S.) 392. See, also, under (1) 2 Cyc. 1014; 3 Cyc. 275; (2) 2 Cyc. 1014; (3) 15 Cyc. 902, 903; (4) 3 Cyc. 248; (5) 38 Cyc. 1711; (6) 15 Cyc. 963.