MARK *v.* CITY OF INDIANAPOLIS, ETC.

[No. 30,646. Filed September 8, 1966.]

512

*Robert H. Orbison* and *Baker & Orbison,* of Indianapolis, for appellant.

*John C. O'Connor,* of Indianapolis, for appellee.

MYERS, J.—This is an action brought by appellee, City of Indianapolis, by and on behalf of its Department of Redevelopment, for the condemnation of appellants' real estate, for a determination of the fair market value of the same, and for damages as a result of the condemnation. The real estate condemned was described as 316-318 North Street in the City of Indianapolis, known as the El Capri Apartments. The action was brought pursuant to the provisions of the Redevelopment Act of 1945 as amended. Burns' Ind. Stat., § 48-8501 et seq., 1963 Replacement (Supp.). Through study and investigation it had been determined that the area in which these apartments were located had become a "blighted"

area and that public welfare required it be acquired and redeveloped.

The Superior Court of Marion County, Room No. 3, appointed three appraisers who made their report on September 4, 1962, fixing the fair market value of the land and improvements at $86,500. Appellants filed exceptions to this report (saying the property was worth over $300,000) and asked for trial by jury. A verdict was returned in favor of appellants in the sum of $97,500. A motion for new trial was filed which was overruled, and judgment was entered in accordance with the jury's verdict. This appeal followed.

The assignment of errors is based upon the overruling of appellants' motion for new trial. The appeal herein rests entirely upon alleged errors of the trial court in allowing, on cross-examination of appellant Harry D. Mark, seven questions to be answered over objection by his attorney. These questions, the objections, the court's ruling and the answers are set forth fully in the motion for new trial.

The testimony elicited on cross-examination of appellant Harry D. Mark concerned the contents of certain newspaper advertisements which appeared in "The Indianapolis Star" and "The Indianapolis News" during the years 1957 and 1958. The questions were substantially similar except as to referring to different dates and amounts of rents asked. The first question propounded is typical of the other questions asked appellant Mark on cross-examination:

> "Q. I will now ask you, Mr. Mark, if in fact, you did or did not place or cause to be placed an ad in the want-ad section under furnished apartment, at least sixteen (16) editions in the month of May, 1957, in the Indianapolis News, this ad, I quote: 'El Capri Apartments, clean, furnished, 2 and 3 rooms, with bath, new, modern furniture, utilities, 1 child welcome, $20.00 a week, or $75.00 a month and up. 318 E. North St., Me 5-9191.' Unquote?

> "MR. ORBISON: Wait just a minute. For the record, the defendants object to the question for the reason that it is not covered in the direct examination, for the reason that it is an improper question in that it tends to bring

before the jury facts which the jury, on proper objection, could not hear.

"THE COURT: I think this question simply asks him if he recalls having put such an ad in the paper, as I understand the question. Objection overruled. You may answer.

"Yes, sir, I did."

Objections made to these questions were to the effect that the facts extracted were not material or relevant to the issues before the jury; that "after the questions were asked the harm was done and no instruction could cure such harm and damage to appellants' cause, the only remedy was an entirely new panel and new trial" (appellants' brief, p. 79) ; that the newspaper clippings were hearsay and did not fall within the exceptions to the rule; that they should have been introduced and read into evidence in accordance with the best evidence rule. Accordingly, appellants urge that the trial court erred in admitting such testimony in evidence, in failing to strike it after it was admitted and in failing to discharge the jury because it had heard evidence which was prejudicial to appellants and should not have been considered by it.

In the trial of the cause, appellants had introduced evidence (inter alia, by expert witnesses) as to rental income to justify opinions of fair market value of the apartments. Appellant Harry D. Mark stated on direct examination that from 1957 to 1959 he had approximately 88% occupancy, and that rentals of apartments varied from $122.50 to $135, making an average of about $127 per month. He said the average rates in 1960 were approximately $5 per month more, so they were "not advertising or anything."

Appellants' expert witnesses testified that rentals and income had to be used as a basis for determining the fair cash value of this apartment building. In fact, appellants admit in their Argument the following statement: "All of the witnesses testifying as to fair market value mentioned rental value as a factor to be considered." (Appellants' Brief, p. 83.) Thus, these rental amounts were of considerable importance to the

issues in this case and were made so, not only by the expert witnesses, but by appellant Mark himself.

As a general rule, the rental value of property is admissible to prove market value. 12 West's Ind. Law Ency., *Evidence,* § 49, p. 476. It may be considered by the jury in determining the question of value. *Bray* v. *Tardy* (1914), 182 Ind. 98, 101, 105 N. E. 772. In 4 A. J., *Proof of Facts, Eminent Domain,* p. 695, the following statement is made:

> "Income from property in the way of rents and profits is an element of consideration in arriving at the market value or measure of compensation to be paid for taking property in condemnation proceedings."

From this, the materiality and relevance of the evidence pertaining to rental income is apparent. There was no error committed by the court in permitting the questions to be answered on the grounds that the evidence extracted was immaterial or irrelevant.

It is claimed that the questions and answers given by appellant Harry D. Mark as a witness were inadmissible because they violated the best evidence rule and the hearsay rule since they involved a newspaper ad which was never introduced in evidence.

As to hearsay evidence, it has been defined as follows:

> "Hearsay evidence, as previously defined, is evidence which derives its value, not solely from the credit to be given to the witness upon the stand, but in part from the veracity and competency of some other person. The clearest case of hearsay is where a witness testifies to the declarations of another for the purpose of proving the facts asserted by the declarant." 20 Am. Jur., *Evidence,* § 454, p. 403.

Here the veracity and competency of "some other person" was not involved. Appellant Mark admitted that he had placed the ad himself.

> "If a witness testifies of his own knowledge, the testimony obviously cannot be excluded as hearsay, * * *." 20 Am. Jur., *Evidence,* § 454, p. 403, *supra.*

As to the best evidence rule, it must be remembered that Harry D. Mark, as a witness, was also a party in interest to the action. His statements about the placing and authorization of the ad in the newspapers were declarations against interest. His admissions as to the contents of the printed ad could be received as evidence tending to impeach the statements he had made concerning rentals in direct examination. These admissions by him *as a party* were primary evidence. *Combs v. Union Trust Co., Trustee of New Albany Rail Mill Co.* (1897), 146 Ind. 688, 46 N. E. 16. Therefore, they could be considered by the jury. We find the trial court did not commit error in admitting the questions and answers over objections that they violated the hearsay or best evidence rules.

These matters were brought out on cross-examination where great latitude is allowed in questioning a witness. It has been stated in 30 West's Ind. Law Ency., *Witnesses,* § 113, pp. 105, 106:

"Subject to the limitation that the cross-examination of a witness must be limited to the subject matter of his examination in chief, * * * and to the exercise of a sound discretion by the trial court, * * * generally, any matter is a proper subject of cross-examination which is favorable to the cross-examiner and tends to discredit or rebut the theory or claim of the opposing party, or which is responsive to testimony given on direct examination and tends to elucidate, modify, explain, contradict, or rebut testimony given in chief by the witness, or any logical inference resulting therefrom."

We do not find that the trial court abused its discretion herein, or overstepped the bounds in admitting evidence which had no connection with direct testimony.

Judgment affirmed.

Rakestraw, C. J., and Arterburn, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 434.