## UNIVERSAL TAXIMETER CAB CO. v. BLUMENTHAL.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

DAMAGES (§ 113*)—INJURIES—MACHINE—LOSS OF USABLE VALUE.

In an action for injuries to plaintiff's motor cab in a collision with defendant's furniture van, the measure of damages for loss of usable value of plaintiff's machine was the cost of hiring such a machine in the market for the period while plaintiff was deprived of the use of the machine; the evidence of the profits derived from use thereof being incompetent.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 279, 280; Dec. Dig. § 113.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Universal Taximeter Cab Company against Ben Blumenthal, doing business under the name of the West End Storage Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Blumenthal & Levy, of New York City (Eugene Blumenthal, of New York City, of counsel), for appellant.

Wing & Wing, of New York City (George S. Wing, of New York City, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. This action was brought to recover for damages to plaintiff's motor cab, caused by a collision with a furniture van belonging to defendant. Plaintiff made out a good cause of action, but failed to introduce proper proof of damage. The true measure of damage for loss of usable value of plaintiff's machine would be the cost of hiring such a machine in the market for the period during which plaintiff was deprived of the use of his machine. In the absence of proof that such a machine could not be hired in the market at that time, the evidence of the profits derived by plaintiff from the use of his machine was incompetent, and its admission constituted reversible error.

The judgment must therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.