# PERKINS *v.* BROWN. (No. 83.)*

## (*Jackson.* April Term, 1915.)

**1. DAMAGES. Property. Measure.**

The owner of a vehicle held for use may recover for his loss of use by reason of a tortious injury while being repaired, in addition to the cost of repairs. (*Post. pp.* 296, 297.)

Cases cited and approved: Brown v. Southbury, 53 Conn., 212; Johnson v. Holyoke, 105 Mass., 80; Mizner v. Frazier, 40 Mich., 592; The Atlas, 93 U. S., 302.

**2. DAMAGES. Property. Compensation.**

Compensation for injury being the rule, the owner of an automobile used for pleasure may recover substantial damages for loss of use while it is being repaired after a tortious injury by defendant. (*Post, p.* 297.)

Cases cited and approved: Cook v. Packard Motor Car Co., 88 Conn., 590; Murphy v. New York City Ry., 58 Misc. Rep., 237; Universal Taximeter Cab Co. v. Blumenthal; 143 N. Y. Supp., 1056.

**3. DAMAGES. Injuries to property. Measure.**

That the owner of a pleasure motor car did not hire another car while it was being repaired after a tortious injury by defendant does not prevent him from recovering damages for loss of use thereof. (*Post, pp.* 297, 298.)

**4. DAMAGES. Property. Measure.**

The owner of a motor car, held for pleasure driving and used only a small portion of each day, cannot, where the car was injured through the fault of defendant, recover as damages for the loss of the use of the machine the full daily rental value of machines in that vicinity. (*Post, pp.* 298, 299.)

**5. DAMAGES. Property. Loss of use.**

Where a motor car was injured through defendant's fault, the owner cannot, as damages for loss of use, recover the rental

---

*For cases passing upon the measure of damages for damage to automobile used for pleasure, see note in L. R. A., 1915, C., 319.

Perkins v. Brown.

from week to week for a car, but should recover only the aggregate rental of a machine for a similar time.  (*Post, pp.* 298, 299.)

Case cited and approved:   Trout Auto., etc., Co. v. People's, etc., Co., 168 Ill. App., 56.

6. **APPEAL AND ERROR. Remand. Discretion of court.**

A reviewing court may, in its discretion, qualify the order of remand so as to restrict the scope of the new trial ordered. (*Post, pp.* 299-302.)

7. **APPEAL AND ERROR. Remand. Order of remand.**

Where the only question at issue was the measure of damages, the appellate court, on reversal of a judgment for plaintiff, will qualify the order of remand so as to determine only the matter of damages.   (*Post, pp.* 299-302.)

Cases cited and approved:   Baxter v. Nurse, 6 M. & G., 935; Stroud v. Stroud, 7 M. & G., 417; Smith v. Whittlesey, 79 Conn., 189; Simmons v. Fish, 210 Mass., 563; Winn v. Columbian Ins. Co., 12 Pick. (Mass.), 279.

Cases cited and distinguished:   Rex v. Mawbey, 6 T. R., 619; Bernasconi v. Farebrother, 3 B. & Ad., 372; Hutchinson v. Piper, 4 Taunt., 555.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— J. P. Young, Judge.

W. P. Biggs, for appellant.

Wilson & Armstrong, for appellee.

Mr. Justice Williams delivered the opinion of the Court.

Brown's automobile was injured in a collision with the automobile of Perkins, due to the negligent operation of the latter machine by the chauffeur; and the only questions raised for determination by the petition for *certiorari* and the accompanying assignments of error are as to the right to damages and as to the true measure of damages for the consequent detention of the injured automobile in shop for repairs.

The car of Brown was one used for pleasure, and not in trade or for profit. During the period of detention for repairs Brown paid nothing for the hire of a substitute automobile, and he and his family forewent their customary pleasure rides.

The trial judge instructed the jury that Brown as plaintiff below, was entitled to recover the rental value of an automobile similar to the one injured during the period of detention and loss of use; and allowed testimony to be introduced, over defendant's objection to the effect that such a machine was to be hired at from $90 to $100 per week.

The first insistence of petitioner for error is that nothing for the loss of use can be allowed, since the car injured was one that was used for recreation or luxury and not profit, and its owner, in point of fact, had made no expenditure for the use of another car.

The authorities are quite harmonious to the effect that the owner of a vehicle held for use may recover for the loss of its use, by reason of tortious injury, while being repaired, in addition to the cost of the necessary repairs. *Brown* v. *Southbury,* 53 Conn., 212, 1 Atl.,

819; *Johnson* v. *Holyoke,* 105 Mass., 80; *Mizner* v. *Frazier,* 40 Mich., 592, 29 Am. Rep., 562; *The Atlas,* 93 U. S,. 302, 23 L. Ed., 863; Sedgwick, Damages (9th Ed.), sec. 195.

Nor may it be held, under the authorities, that the right to recover substantial damages, as distinguished from nominal damages, depends upon the precedent use of the car for profit. Compensation for injury being the rule, there can be no just reason for the allowance of the usable value in the one case and its disallowance in the other. As pointed out by Mr. Sedgwick (section 243a), the value of the use of personal property is not the mere value of its intended use, but of its present potential use, whether availed of or not by its owner. His right of user, whether for business or pleasure, is absolute, and whoever injures him in the exercise of that right cannot complain when held to respond on that basis. *Cook* v. *Packard Motor Car Co.,* 88 Conn., 590, 92 Atl., 413, 418; *Murphy* v. *New York City Ry.,* 58 Misc. Rep., 237, 108 N. Y. Supp., 1021; *Universal Taximeter Cab Co.* v. *Blumenthal,* 143 N. Y. Supp., 1056; Sedgwick, Damages, sec. 243b.

It is next urged that a. disallowance of the usable value of the car must result, because the plaintiff did not actually expend money in hiring a substitute car for recreation purposes. This insistence also is not tenable. *Cook* v. *Packard Motor Car Co.,* supra. Two recent decisions of the House of Lords of England have ruled the point. In *The Greta Holme* (1897), A. C., 597, a recovery was allowed for the loss of the use

of a dredger, injured in a collision, although the owner was out of pocket no definite sum for a substitute during the period necessary for repairs; and in *The Mediana* (1900), A. C., 112, where there was a lightship substituted for the lightship damaged, and it was argued that, as nothing was paid for the hire of the substitute, no damages were consequent or allowable. Lord Chancellor Halsbury gave his opinion, and the judgment was, in opposition to that argument.

A third contention of petitioner is that the usable value of an automobile is not its rental value, as charged by the trial judge; and that it was error for the trial judge to permit the introduction of the above recited testimony as to the market rental value per week of a similar car at garages in the city of Memphis.

Whether the two terms "rental value" and "usable value" may be treated as equivalent terms when applied to personal property so detained is a matter on which the authorities seem to differ. The Connecticut court in *Cook* v. *Packard Motor Car Co.*, supra, holds to the view that they are not equivalent terms, and that such a plaintiff "cannot recover the rental value of his car during the period of detention, for such rental value includes a substantial allowance for depreciation and repairs, to which the plaintiff's car has not, in the meantime, been subjected." On the other hand the intermediate appellate courts of New York and Illinois hold that the rental value of a car during the period of loss of its use is a proper measure of dam-

ages in behalf of the plaintiff. *Universal Taximeter Co.* v. *Blumenthal,* supra; *Trout Auto., etc., Co.* v. *People's, etc., Co.,* 168 Ill. App., 56, 60.

It is not necessary for us to determine the point on this record, since we are of opinion that if the market rental value be a proper measure of damages in such case, then rental value was fixed on the trial on a basis that was erroneous for two reasons. It is manifestly unjust to the defendant to have either rental or usable value fixed in behalf of the plaintiff on the basis of a full daylight rental charge for an automobile, as was permitted in this case, when the proof shows that the plaintiff and his family customarily used the car only during a few hours of a day for pleasure and shopping drives.

Further, while it generally held, and was conceded in the *Cook Case,* supra, that proof of rental value is competent as furnishing some evidence of usable value, we yet think it clear that the proof, in order to competency, should be of the market charge for the entire period of the necessary loss of use. It is obvious that the rental charge per week aggregated for twelve weeks would amount to more than the sum representing the rental charge for the longer or entire detention period.

We are not satisfied that a result just to the defendant has been reached under the proof admitted and the instructions given the jury by the trial judge.

The judgment of the court of civil appeals must, therefore, be reversed and the cause remanded for a new trial.

As to the nature of the order to be made on the remand: In view of the fact that no error was assigned in the appellate courts to have been committed in the court of trial in respect to the question of the liability of appellant for negligence in causing the collision, and that the errors claimed upon appeal and apparent from the record are such only as affect the proper measure of the consequent damages, the appellee plaintiff moves this court to limit the retrial in the court below to the single question of the ascertainment of proper damages.

The motion raises a question that appears never to have been raised or decided in this jurisdiction—the power of a reviewing court to so qualify the order of remand as to restrict the scope of a new trial by it ordered.

At an early day some difficulty was found and expressed by the English courts on the point, resulting in refusal on their part to confine a new trial to part of the issues in a case because of the supposed indivisibility of a verdict. But latterly in England it has been held that this power inheres in courts of review as a part of their common-law powers. In *Rex* v. *Mawbey,* 6 T. R., 619, 638 (1776), Lord Chief Justice Kenyon said on the point:

"I think the rule was correctly stated by the counsel for the defendants, that in granting new trials, the court know no limitations (except in some excepted cases), but they will either grant or refuse a new trial, as it will tend to advance justice. . . . I have stu-

diously gone out of the way in order to express my opinion on this point, an opinion formed on great deliberation.''

In the case of *Bernasconi* v. *Farebrother,* 3 B. & Ad., 372, 23 E. C. L., 100 (1832), Lord Tenterden, for the court, said:

''We have considered also whether we could limit the inquiry upon the new trial to one point. In *Hutchinson* v. *Piper,* 4 Taunt., 555, Gibbs, J., lays it down that, in certain cases of which he gives instances, a new trial may be restrained to one point.''

The practice is now firmly fixed in that jurisdiction. *Baxter* v. *Nurse,* 6 M. & G., 935, 46 E. C. L., 935; *Stroud* v. *Stroud,* 7 M. & G., 417, 49 E. C. L., 417.

The same practice prevails in a large number of the American jurisdictions, as may be seen by a reference to the annotation of the case of *Smith* v. *Whittlesey,* 79 Conn., 189, 63 Atl., 1085, 7 Ann. Cas., at page 116; and see *Simmons* v. *Fish,* 210 Mass., 563, 97 N. E., 102, Ann. Cas., 1912D, 588.

A statement of the rule in succinct terms is to be found in 2 R. C. L., 287, sec. 241:

''Probably from a desire to eliminate unnecessary litigation, and in the exercise of the discretion with which the appellate court is invested with respect to the granting of new trials, it is undoubtedly the present general rule, in remanding a cause for a new trial, either by a court or a jury, when error exists as to only one or more issues, and the judgment in other respects is free from error, to limit the new trial to the issues affected by the error. This rule permitting

the appellate court to limit the issues has been held applicable in actions sounding in damages when the error affects only the assessment of damages, and the new trial has been limited to that question alone.''

An early American case was that of *Winn* v. *Columbian Ins. Co.,* 12 Pick. (Mass.), 279, where Chief Justice Shaw reasons that there are many cases so situated that it would be highly proper to grant a new trial as to a particular point, or for the purpose of correcting a particular error or mistake, and that this is analogous to the case of judgments, awards, and other legal proceedings, good in part and bad in part, when the court will, if the position of the case will admit of it, preserve that which is good and correct that which is erroneous.

In our opinion, the practice thus so abundantly sustained by the authorities should also, from the standpoint of policy, be adopted in this State. If it is to the interest of the State that there be an end to litigation, the courts should not be slow to adopt this rule that looks to the preventing of further contest on phases of litigation or issues already well settled, the saving to litigants the costs incident to the relitigation of such matters, and to the courts the time unnecessarily consumed therein.

As has been noted above, the power is one to be exercised by the court of review in its sound discretion. Coming now to determine whether the discretion is one that should be exercised in the instant case, we hold it to be manifest that it should. The order of remand will, therefore, be qualified accordingly.