## J. H. ANDERSON, et al. v. F. M. INNMAN.

Eastern Section. July 24, 1926.

No petition for Certiorari was filed.

1. **Damages. Measure of damages for wrecking automobile defined.**
   In an action to recover damages caused by a collision of plaintiffs' and defendants' cars, held that the proper measure of damages is the value of the car immediately before the accident reduced by the value of the car immediately after the accident.

2. **Damages. Evidence. Evidence of the cost of repairs is properly admissible to ascertain damages.**
   In an action to recover damages to an automobile, held that it is proper to admit evidence of the cost of repairs to ascertain damages due and

if the car after being repaired, is of the same value as it was before it was damaged, the cost of repairs is the proper damages to be assessed.

3. **Trial. Instructions. Special requests for instructions properly refused where the point is covered by the court's general charge.**
    In an action to recover damages occasioned by an automobile collision where the court instructed the jury in regard to the violation of a city ordinance, held a special request was properly refused because the special request was covered by the court's general charge.

Appeal in Error from Circuit Court of Knox County; Hon. A. C. Grimm, Judge.

Affirmed.

Frank Montgomery, of Knoxville, for plaintiff in error.

Roscoe Word, of Knoxville, for defendant in error.

PORTRUM, J.  This case grew out of an automobile collision occurring in the city of Knoxville, at an intersection of one of its streets, between the cars of J. H. Anderson and F. M. Innman.  Mr. Anderson's car, driven by his minor son, was crossing Cumberland avenue, when he collided with the car of Mr. Innman, driven by his chauffeur.  Fortunately no one was hurt, but the car of Mr. Innman was damaged to a considerable extent, and he has brought this suit to recover for his damages.

The case presents but one question, all others being set at rest by the finding of the jury.  The question presented is the measure of damages.  The plaintiff below adopted and attempted to establish his damage on the basis of the value of the car immediately before the accident, reduced by the value of the car immediately after the accident.  The defendant insists that the correct measure of damage is the cost of the repair of the car, plus the depreciation in value of the car after repair, if any.  The court followed the rule insisted upon by the plaintiff.

Upon a casual examination of the authorities there seems to be a conflict as to the method used in ascertaining the damage, a great many, if not in fact the majority, following the method of determining the market value of the car immediately before the accident and deducting the market value of the car immediately after the accident, the difference being the amount of damages recoverable. Many others follow the other rule and permit the damages to be ascertained by determining the value of the repairs, plus any depreciation of the car after repairs, and to which is to be added the loss of the use of the car pending the repairs.  The fact is also recognized that repairs sometimes enhance the original value of the car at the time of the accident.  The plaintiff is not entitled to this, and this item is deducted from the recovery.

Upon a closer scrutiny of the cases it is found that there is little if any real conflict.  The primary inquiry in all cases is to de-

termine the just compensation for the actual loss sustained, which is the basic principle for the measurement of the recovery. And in those cases where the car suffers an injury, which when repaired leaves a depreciation in the market value, the rule of the market value before and after the accident is applied; but in those cases where the injury may be repaired without leaving any permanent or material depreciation, then the rule of the value of the repairs plus the loss of use pending repairs is adopted. These methods under the above circumstances best determine the actual loss sustained. The rule is stated in Huddy on Automobiles (5th Ed.), section 719:

"Where, by the wrongful act of the defendant, the plaintiff's automobile is injured, but not totally destroyed, the measure of damages usually adopted is the difference between the market value before the injury and the market value thereafter. In many cases, as a practical proposition, the difference in value may be the cost of repairing the machine. And, as a general proposition, the reasonable value of repairs necessitated is admissible as evidence bearing upon the depreciation in value through the injury. But the cost of repairs may be unsatisfactory as evidence of depreciation in value, for after the repairs the machine may not be of the same value as before the injury, and it is possible that it be of greater value.

"Section 720. The reasonable value of repairs to an injured automobile is frequently considered as the proper measure of damages for the injury. If so, only those repairs which are attributable as resulting from the accident in question are to be considered. In at least one jurisdiction, it seems that the value of the repairs is considered the proper measure of damage when the machine can be repaired, but if not susceptible of repair, the measure is the difference between the value before the accident and afterwards. It is the value, not the cost, of the repairs which is essential; if for some reason the repairs cost an excessive sum, the excess is borne by the owner."

Before the advent of the automobile the rule in Tennessee in reference to personal property was, that the damage was measured by the market value immediately prior to the accident or injury, deduced by the value immediately after the accident or injury. Memphis v. Kimbrough, 59 Tenn., 133; Southern Oil Works v. Bickford and Sherrod, 82 Tenn., 651. And the same rule was applicable in measuring the injury to real property. Walton-McDonald Co. v. Jackson, 5 App. Cases, 324. But it is always competent to show the reasonable cost of making repairs as an element or basis from which the market value may be determined. Lewisburg Ry. Co. v. Minton, 7 App. Cases, 71; Southern Oil Works v. Bickford and Sherrod, supra.

But where the injury is capable of being repaired, our court has recognized the method of ascertaining the damage by proof of the cost of the value of the repairs, plus the loss of use pending repair. Perkins v. Brown, 132 Tenn., 294.

The proof in the instant case establishes the fact that the automobile when repaired would suffer a depreciation in value, and for this reason the learned trial judge permitted the use of the method of ascertaining the damage by the value before and after the accident. If he had permitted the use of the other method, and the jury had determined the actual value of the repairs, it would have had to have gone further and then determined the depreciation in the value of the car after the repairs, and, after adding the two together, the result should in theory have equalled the same sum determined by the other method. Had there been no depreciation after repair, then the determination of the value of the repair necessary would have proved a simple and exact method of finding the result sought.

The assignment of error under consideration, which is that there is no evidence to support the verdict, is based, primarily, upon the failure of the judge to adopt the correct measure of damages as insisted upon by the plaintiff in error, but as a second ground it is insisted that the plaintiff below failed to introduce any proof of the value of the car prior to the accident.

The plaintiff below testified that he based the value of the car at the time of the accident upon its cost price two months prior, the car being in good condition during the interval, and the price was $1900. This evidence is competent and furnishes some evidence of the value. The jury was entitled to look to it and, having acted, the court will not disturb the verdict upon the ground that there is no evidence to support it. Memphis v. Kimbrough, supra; Huddy on Automobiles, Section 718.

The plaintiff in error attempted to establish the value of the repairs, he was given this right by the court, but the witnesses were unable to state the cost of repairs without an investigation. Complaint is made because the plaintiff below was not required to produce this proof, which was known to his witnesses. But he did establish the different items of damage to the car, and since the cost of the repair is not the rule, but the value of the repair is, then the defendant below could have introduced mechanics as capable of showing the value of the repair, and he can not complain if he does not produce the witnesses because the plaintiff below did not.

The plaintiff below did not attempt to repair his car, but sold it and purchased a new one. He therefore was not chargeable with knowledge of the price of repairs had he been under any duty to have produced this character of proof.

. The circuit judge in charging the jury read to them a city ordinance which prohibited the driving of automobiles across intersections of city streets at a greater rate of speed than seven and a half miles per hour, and in charging the jury he instructed them that if the plaintiff had violated the city ordinance, and his act of negligence proximately contributed to the accident, then he could not recover. The defendant made a special request, which embodied the language that, "if the plaintiff's chauffeur drove the plaintiff's automobile across the intersection in excess of seven and a half miles per hour, that he would be guilty of negligence." The trial judge declined this request for the reason that he had covered it in his general charge. We think he sufficiently charged upon the question. The jury understood the violation relied upon was the crossing of the street at a greater rate of speed than seven and a half miles per hour, and when the judge told them if the plaintiff had violated the ordinance he would be guilty of negligence they evidently understood what he meant.

We find no error in the judgment below, which is affirmed at the cost of the plaintiff in error.

Snodgrass and Thompson, JJ., concur.