NORVELL & WALLACE, Plaintiff in Error, v. J. D. LESTER, Defendant in Error.

Middle Section.　May 23, 1931.

Petition for Certiorari denied by Supreme Court, February 13, 1932.

Avery Handly, of Nashville, for plaintiff in error, Norvell & Wallace.

Harry A. Luck, James A. Newman and John C. Blackwell, all of Nashville, for defendant in error Lester.

CROWNOVER, J.　This is an action by Dr. Lester against Norvell & Wallace to recover for personal injuries and property damage resulting from an automobile being forced off of the road and against an embankment by a truck.

The defendants pleaded not guilty.

The case was tried by the judge and a jury and resulted in a verdict of $800 in favor of plaintiff for personal injuries and $700 for property damage, making a total of $1500.

Defendants' motion for a new trial having been overruled, they have appealed in error to this court and have assigned eight errors.

On November 10, 1928, Dr. J. D. Lester, the plaintiff in this case, was going from Nashville to Smithville, Tennessee, to see a patient. He was driving his automobile along the Stewart's Ferry Pike, a detour road being used while the Lebanon Road was under construction. Dr. Lester was driving south on this road and a truck belonging to defendants was traveling north going to Nashville.

The accident occurred at about 10:30 in the morning of November 10, 1928, on the south side of the crest of a hill north of Stones River, where the Elm Hill Road leads out from Stewart's Ferry Road to the west. Both roads were covered with gravel. Dr. Lester drove over the crest of the hill, on the right side of the road, and saw the truck of defendants traveling towards him somewhat on its left side of the road. Just behind the truck was an automobile, following, on its right hand side of the road. As the truck reached a point about thirty feet from the entrance to Elm Hill Road, it turned to its left as if to go into Elm Hill Road. Dr. Lester turned his car to his right and tried to drive into Elm Hill Road, but had traveled too far to make the turn and ran into the stone bluff just beyond Elm Hill Road and on the west side of Stewart's Ferry Road. His automobile was badly damaged and he received personal injuries.

1. The first assignment of error is that the court erred in overruling the motion for a directed verdict because there was no evidence to support a verdict for the plaintiff below, and the plaintiff was guilty of contributory negligence.

Plaintiff's proof is that he was traveling at the rate of about twenty-five miles an hour; that he was going over a hill and could not see a truck approaching on the other side until he reached the crest; that when he reached the crest of the hill and first saw the truck, the truck was about 100 feet away, traveling towards him somewhat to its left of the center line of the road; that an automobile was behind the truck, coming in the same direction, on its right hand side of the road, but at that time there was sufficient space between the truck and the west embankment for plaintiff to pass the truck on plaintiff's right; but instead of remaining in the center of the road or pulling over to its right, the truck when about fifty feet from plaintiff, without warning suddenly turned sharply to its left and directly in front of plaintiff's car. Plaintiff then tried to turn into the Elm Hill Road, but having almost passed the entrance was unable to make the turn and ran into the bluff just beyond Elm

Hill Road and on the west side of Stewart's Ferry Road. He was unable to come to a full stop because the recently oiled road was covered with gravel.

Defendants' proof is that Dr. Lester was driving at a rapid rate of speed; that he was unable to stop his car because of the fine gravel; that he could have seen a vehicle approaching on the other side of the hill before reaching the crest; that the truck stopped in the center of the road leaving sufficient space on its left for a car to pass, but Dr. Lester's car ran off of the road and into the bluff. It was not touched by the truck.

These two conflicting theories were submitted to the jury, and it found in favor of the plaintiff. The jury found that the negligence of the agent of defendants was the proximate cause of the accident and that plaintiff was not guilty of contibutory negligence. This assignment must therefore be overruled.

"Where plaintiff was forced to drive off the macadamized portion of the highway by the negligent conduct of defendant's driver, whether or not he was negligent in failing to stop before his automobile collided with a pole was a question for the jury, and an instruction that it was his duty to stop if he could safely do so was properly rejected, because it disregarded a possible finding that the plaintiff acted in an emergency." Berry on Automobiles, sec. 270.

2. The second assignment complains of the following paragraph of the judge's charge to the jury:

"If you should find from a preponderance of all the evidence that at the time of the accident plaintiff was driving on the right side of Stewart's Ferry Road, and as he drove over crest of the hill he met defendants' driver on the latter's left side of said highway and that he was in the path of plaintiff's automobile and was driving at an unlawful speed (in excess of thirty miles per hour) and that the act of defendants' driver in driving on the left side of the highway as he was near the crest of the hill, or was driving in excess of thirty miles per hour, and that one or the other or both of said acts directly and proximately caused the accident, then you should find for the plaintiff and against the defendants, provided you find that plaintiff was at the time exercising reasonable care for his own safety.

"I further charge you that if you should find from the preponderance of the evidence that the defendants' truck driver was guilty of one or both of said acts of negligence, as aforesaid, and should further find that the plaintiff was driving at a speed in excess of thirty miles per hour, and his said act contributed to the accident in any degree as the proximate cause thereof, then you should find in favor of the defendant."

It is insisted by the defendants that the court erred in giving these paragraphs in charge to the jury for the reason that there was no proof that the defendants' truck was on the left hand side of the road or was being driven faster than thirty miles per hour when the plaintiff passed over the crest of the hill, and that these propositions were therefore mere abstractions which confused the jury.

We are of the opinion that there is nothing in this contention, for the reason that the court charged the jury that if it found from a preponderance of the evidence that these things were true and that the plaintiff was exercising reasonable care for his own safety then the defendants were liable.

There was no proof that the truck was being driven faster than thirty miles per hour and the plaintiff himself testified that when he passed over the crest of the hill the defendants' truck was not at that time on the left hand side of the road and that plaintiff had sufficient space to pass. All these things were plain and easily understood, and the judge gave lucid, clear and comprehensive instructions to the jury, elsewhere in his charge, on negligence and contributory negligence pertaining to the issues of this case.

The second paragraph above complained of was correct for the reason that the defendants' insistence was that the plaintiff recklessly drove his car at a rate of speed from thirty-five to fifty miles per hour over the crest of the hill on an oiled road, and that the accident was caused by his own negligence; hence this assignment of error must be overruled.

3. The charge complained of is as follows:

"I further charge you that if you should find from the preponderance of all the evidence that as the cars approached each other the driver of the defendants' truck suddenly and without warning turned the truck in front of the plaintiff's car, that he failed to exercise reasonable care to observe plaintiff, and that his said acts, one or the other or both, proximately caused plaintiff to run into the bluff on the road side to avoid a collision, then you should find for the plaintiff."

This charge contains a correct statement of the law and this assignment must be overruled. 42 C. J., 997, sec. 728; Gary v. Powell, 8 Hig., 363; Berry on Automobiles, secs. 1015-1017.

4. The court properly refused to charge the special request as follows:

"The rights and duties and the amount of care required by law of both the plaintiff and the defendant while in their respective machines on the Stewart's Ferry Road at the point of the accident, were exactly the same, both had a perfect right to use the highway,—the defendant to cross said highway to go into Elm Hill Road, and the plaintiff to continue on south on

Stewart's Ferry Road, and both were required to use ordinary care in the operation of their respective machines; and the whole question for you to determine is whose negligence, if any, was the proximate cause of the plaintiff running into the stone embankment; and if you find from a preponderance of the evidence that both plaintiff and the defendant were guilty of negligence which was the proximate cause of the injury, or which in any degree proximately contributed thereto, such negligence on the part of plaintiff, however slight the degree, would bar his recovery, and your verdict should be in favor of the defendant,'' for the reason that the court had fully covered the law on the subject in his general charge.

5-6-7. These three special requests of the defendant below, on the proposition that if the plaintiff drove his automobile over the crest of the hill so fast that he could not stop on seeing an obstruction he was guilty of contributory negligence and could not recover, have no application to this case, because Dr. Lester testified that he saw the truck as he approached a hundred feet away and had sufficient space to pass. At that time there was sufficient space between the cars for plaintiff to either stop or turn into the Elm Hill Road, and plaintiff assumed that defendants' truck would remain in the center of the road or move over to defendants' right side thereof. Plaintiff was running twenty-five miles an hour, but when he came within fifty feet of the truck it suddenly turned in front of his car, running thirty miles per hour, and he was forced to attempt to turn into the side road or collide with the truck, as he could not stop within the distance. The mechanic said that he could stop within fifty feet when running twenty-five miles an hour. The defendants say the distances apart were much further; hence, the proposition of stopping within the range of vision has no application, and these assignments must be overruled.

8. The eighth assignment is that the verdict was so excessive as to evince prejudice, passion, or caprice on the part of the jury.

The proof shows that the repairs of the car together with the expense of hiring a car to use in his practice amounted to almost $700, the amount of the verdict for property damage. Perkins v. Brown, 132 Tenn., 294, 177 S. W., 1158.

Dr. Lester had a slight concussion of the brain and slight partial paralysis of the right side of his face, a swollen knee and a number of bruises. He did not entirely recover from the effects of the accident in eight weeks and was unable to look after his practice for ten days.

It results that all the assignments of errors must be overruled and the judgment of the lower court affirmed. A judgment will be entered in this court in favor of the defendant in error, Dr. Lester,

and against the plaintiffs in error, Norvell & Wallace, for $1500, together with interest thereon from May 30, 1930, to the present. The cost of the cause including the cost of the appeal is adjudged against Norvell & Wallace and the surety on their appeal bond.

Faw, P. J., and DeWitt, J., concur.