# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 26, 2012 Session

## DALE GRIMES D/B/A MADISON STREET MOTORS v. WILLIAM H. HANCOCK

**Appeal from the Circuit Court for Montgomery County**
**No. MCCCCVGS110134      Ross H. Hicks, Judge**

_____

**No. M2011-01940-COA-R3-CV - Filed June 26, 2012**
_____

The defendant ran off the road and struck an expensive vehicle on a used car lot. The lot owner sued the defendant for the damages to the vehicle plus the lost profits he would have made with the proceeds of the sale if the accident had not happened. The trial Court awarded the plaintiff $10,482.12, plus prejudgment interest at 5% per year from the date the vehicle was sold at wholesale in a damaged condition. The Court did not make any findings as to the basis for the award. The defendant asserts on appeal that the plaintiff failed to mitigate his damages. The plaintiff assigns as error the trial Court's failure to award him more damages for his lost profits. We hold that the plaintiff did not make a case for lost profits or the before and after retail value of the automobile. We reduce the award to $4,766.47, the estimated cost of repairs to the vehicle and we reverse the award of prejudgment interest.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in Part and Affirmed as Modified.**

BEN H. CANTRELL, SENIOR JUDGE, delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Joshua G. Offutt, Nashville, Tennessee, for the appellant, William H. Hancock.

W. Timothy Harvey, Clarksville, Tennessee, for the appellee, Dale Grimes d/b/a Madison Street Motors.

## OPINION

## I.

The plaintiff, Dale Grimes owns a used car lot in Clarksville. On April 30, 2009 he purchased a 2002 Lexus 470 from a dealer for $16,900. He placed the vehicle on his lot at a retail price of $24,900.

On September 13, 2009, a vehicle driven by Cody Hancock left the road and struck the Lexus. Mr. Hancock stipulated that he was liable for the damage to the vehicle.

Mr. Hancock's insurance carrier estimated the cost to repair the vehicle at $4,766.47 and tendered a check to Mr. Grimes in that amount. The company also promised to pay for any unforeseen physical damage. Citing the high mileage of the vehicle (115,000 miles) the company refused to pay any amount for the diminution in value caused by the wreck. Mr. Grimes refused to cash the tendered check and did not repair the vehicle. Instead, he sold it at wholesale in its damaged condition for $14,450. He testified that he did not sell vehicles that had been damaged to the public.

Mr. Grimes sued Mr. Hancock for the damages caused by the wreck plus the profits lost on inventory he would have purchased with the proceeds from the first sale. The trial Court awarded Mr. Grimes $10,482.12 plus prejudgment interest at 5% per year from the date of the sale of the damaged vehicle. The judgment does not contain any findings supporting the amount of damages.

On appeal the defendant asserts that the plaintiff failed to mitigate his damages by not repairing the vehicle and selling it at retail.

The plaintiff asserts the trial judge should have awarded him an additional $12,048.18 in lost profits or, alternatively, prejudgment interest from the date of the accident, rather than from the date he sold the damaged vehicle.

## II.
## GENERAL DAMAGE PRINCIPLES

In *Waggoner Motors v. Waverly Church of Christ*, 159 S.W. 3d 42 (Tenn. Ct. App. 2004) this Court restated some rules guiding the Courts in making damage awards:
1.      The general rule is to restore the injured party, as nearly as possible, to

the position the party would have been in had the wrongful conduct not occurred.

2. The injured party should be fully compensated for all losses caused by the wrongdoer's conduct.

3. The person seeking damages has the burden of proving them and the proof of damages must be as certain as the nature of the case permits. The proof must enable the trier of fact to make a fair and reasonable assessment of the claimed damages.

4. Compensatory damages may also include an award for lost profits when the nature and occurrence have been established with reasonable certainty.

5. Lost profits from the sale of goods must be based on net profits not gross revenues or gross profits. Thus, persons seeking to recover for lost profits must prove not only the probable income from the sale of goods but also the expenses they would have incurred to produce that income.

*See Id.*, generally, at 57 - 59.

This Court, in *GEICO v. Bloodworth*, 2007 WL 1966022 (Tenn.Ct.App. 2007) also re-stated the principles that govern awards in cases involving damaged personal property:

> "If the property can be or has been repaired so as to substantially restore its function, appearance and value, then the reasonable cost of repair is the measure. If the property has not been so repaired or is not capable of such repair, then the proper measure is the pre-accident and post-accident difference in fair market value. *Tire Shredders, Inc. v. ERM-North Central, Inc.*, 15 S.W. 3d at 855, *GEICO* at 41.

> * * *

> .. [t]he measure of damages is either repair costs or the difference in market value immediately before the accident and that immediately after the accident. **It is not both.** Unlike the Restatement provision, decrease in value measured after the repair is not a recognized element of allowable damages in Tennessee. *Id.* at 42 (bold in original).

> * * *

> An example may illustrate the issue. A vehicle is damaged in an accident, and that vehicle was valued at $20,000 immediately before the accident and at $10,000 after the accident. The cost of

repair is $9,000. The plaintiff is able to prove that, by virtue of the accident and the type of damage sustained, the vehicle's market value after repair has been reduced by $3,000, even after the repairs. Under plaintiff's theory herein, such a plaintiff would be entitled to recover both the cost of repair ($9,000) and the post-repair diminished value ($3,000), for a total of $12,000. Under Tennessee law, however, such a plaintiff would be limited to the $10,000 pre- and post-accident decrease in value, even if she were able to prove that repairs could not or did not restore the value of the vehicle substantially to its pre-accident value. Otherwise she would be entitled only to the cost of repairs ($9,000)." *Id.* at 43.

## III.

Our review of the lower court's judgment is hampered by the lack of specific findings and conclusions required by Rule 52.01 Tenn. R. Civ. Pro. Reviewing the record de novo however, we are persuaded that we can dispose of this appeal.

### A. The Lost Profits Issue

As we have noted, in order to recover lost profits from the sale of goods plaintiffs must prove the probable income from the sale and the expenses they would have incurred to produce that income. See, *Waggoner* at 59.

There is no proof in this record of the expenses that would have been incurred to produce any additional profit from the expected sales of other vehicles. Even assuming that the plaintiff would have been able to purchase and sell at a gross profit other vehicles with the proceeds from the sale of the Lexus, the effort to find, store and sell those vehicles would undoubtably involve additional expenses. Without proof of the expenses involved, any award for lost profits would be based on pure speculation.

### B. The Mitigation Issue

It is true that a person who has been injured by the wrongful or negligent acts of another is bound to exercise reasonable care to minimize or lessen the resulting damage. *Memphis Light, Gas and Water Div. v. Starkey*, 244 S.W. 3d 344 (Tenn.Ct.App. 2007). The appellant argues that in this case such reasonable care required the plaintiff to repair the damaged vehicle so as to obtain the best resale price.

-4-

In his brief the appellant raised this issue in his argument concerning "lost profits." Since we have held that this is not a case for lost profits, we think this argument is now moot.

As to the simple property damage claim, we know of no requirement, and the Court can point to no authority that a plaintiff suffering a loss to personal property has a duty to have it repaired.

Since his damages are measured by (1) the cost to repair or (2) the market value immediately before and after the accident, those values can be, and usually are, established by expert proof. The law does not require the injured owner to repair the property and try to get the best price he can for it.

## C. The Plaintiff's Damages

Finally, we come to the real question in this case: what are the plaintiff's damages? It appears to the Court that it is a simple case of damages to the plaintiff's personal property. There is ample proof of the before-accident value. Mr. Grimes testified that, in his opinion, the vehicle would bring $24,900.00 on the retail market. As the owner and a person in the business of buying and selling automobiles, he was a competent witness to give that testimony. *See, e.g., Keith v. Howerton*, 1989 WL 105654 (Tenn.Ct.App.) ("'A witness may testify to the value of the witness's own property or services…'" citing Tenn. R. Ev. 701). The appellant did not take issue with that value.

We find, however, that there is no proof of the after-accident <u>retail</u> value. Mr. Grimes sold the vehicle at wholesale for $14,450.00. But he steadfastly avoided offering any proof of the after-accident <u>retail</u> value. The import of his testimony was that the vehicle did not have any retail value <u>to</u> <u>him</u>. Unfortunately, that is not the test. The test is what the vehicle would bring in a transaction between a willing buyer and a willing seller. "If [the damages have not been repaired]..then the measure of damages is the difference in the fair market value of the property immediately before the incident and immediately after the incident." *Tire Shredders, Inc.*, at 855, citing T.P.I. 3--CIVIL 14.40.

The only proof in the record tending to show the extent of Mr. Grimes' damages is the cost to repair. Even though that proof is not conclusive on the amount of damages, it is "[a]s a general proposition,..admissible as evidence bearing upon the depreciation in value through the injury." *J.H. Anderson v. F.M. Innman*, 3 Tenn.App. 195, 1926 WL 2041 (Tenn.Ct.App.). With no other proof to the contrary we think the only inference to be drawn is that Mr. Grimes suffered $4,766.47 in damages as a result of the accident.

We, therefore, modify the judgment to award Mr. Grimes $4,766.47. Since the defendant's insurance company tendered that amount to the plaintiff before this litigation began, he is not entitled to prejudgment interest. Therefore we reverse the prejudgment interest award.

This cause is remanded to the Circuit Court of Montgomery County for such other proceedings as are necessary and consistent with this opinion. Tax and costs on appeal to the appellee.

_____
BEN H. CANTRELL, SENIOR JUDGE