# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
August 11, 2015 Session

## CHANDRA L. BERRY v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH1210532     James Kyle, Chancellor

---

### No. W2014-02175-COA-R3-CV – Filed August 31, 2015

---

This appeal involves the assignment of a deed of trust. Plaintiff/Appellant purchased a home in Memphis in 2004 and later defaulted on her mortgage. Appellees advised of their intent to foreclose on the home, which prompted Plaintiff to file suit and obtain a temporary restraining order preventing foreclosure. Plaintiff asserted several legal theories, which were all dismissed by the trial court. Plaintiff appealed, and this Court affirmed the trial court's dismissal on all but one fraud claim. Upon remand, the trial court then granted Appellees' motion for summary judgment on the remaining fraud claim. Plaintiff appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Archie Sanders, Memphis, Tennessee, for the appellant, Chandra L. Berry

Bradley E. Trammell and Kavita Goswamy Shelat, Memphis, Tennessee, for the appellees, Mortgage Electronic Registration Systems, Inc., and Wells Fargo Bank, N.A.

### MEMORANDUM OPINION[1]

---

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTS & PROCEDURAL HISTORY

This is the second appeal of this case. The facts of this case, as set out by the Court in *Berry v. Mortgage Electronic Registration Systems,* No. W2013-00474-COA-R3-CV, 2013 WL 5634472, at *1 (Tenn. Ct. App. Oct. 15, 2013), reh'g denied (Nov. 13, 2013) are:

> On August 5, 2004, plaintiff Chandra Berry purchased property located at 6215 Malloch Drive in Memphis, Tennessee (the "Property"). At some point, Ms. Berry defaulted on her mortgage obligation and she attempted to negotiate a loan modification and refinancing. The defendants, Mortgage Electronic Registration Systems ("MERS") individually and as nominee for Mortgage Lenders Network USA, Wells Fargo Home Mortgage d/b/a American Servicing Company, and Wilson & Associates, PLLC, as successor trustee, who claim to hold the Deed of Trust on Ms. Berry's property, however, did not agree to modify or restructure the loan, and instead advised Ms. Berry that they planned to foreclose on her home on or about June 29, 2012.
>
> On June 27, 2012, Ms. Berry, with the assistance of counsel, filed a pleading in the Shelby County Chancery Court styled "Complaint for Declaratory Judgment and for Ex Parte Temporary Restraining Order and Injunctive[ ] Relief and for Damages and other Legal and Equitable Relief" ("Complaint") against the defendants. The Complaint was amended the following day ("Amended Complaint"), and the chancery court issued a temporary restraining order enjoining Defendants from foreclosing upon, removing, or evicting Ms. Berry from the Property. Defendants MERS and Wells Fargo (together "Defendants") then filed an Answer and a Motion for Judgment on the Pleadings pursuant to Tennessee Rule of Civil Procedure 12.03. On December 10, 2012, the chancery court entered an order granting the motion for judgment on the pleadings stating that "many of the allegations [are] overly generalized and non-specific, while in other areas, the Amended Complaint is simply devoid of facts which could legally entitle Plaintiff to relief." The order was made final pursuant to Tennessee Rule of Civil Procedure 54.02, and Ms. Berry timely appealed to this Court.

*Id.* This Court affirmed the chancery court's ruling, with the exception of a single fraud claim alleging that Wells Fargo recorded Plaintiff's deed of trust knowing that it contained falsely represented signatures. *Id.* at *5. We noted that while "[c]ertainly, Ms. Berry's Amended Complaint is not a model of clarity…. we find that Ms. Berry's allegation of fraud stemming from an intentional misrepresentation was pled with

2

sufficient particularity to survive a motion for judgment on the pleadings." *Id.* at *6.

On remand, Defendants filed a motion for summary judgment, and the chancery court examined the intentional misrepresentation claim and found no disputed facts and that there was no fraud or misrepresentation. Further, the court found that because Ms. Berry was not a party to the assignment of the deed of trust, she did not have standing to challenge the assignment. Based on those findings, the chancery court granted Defendants' motion for summary judgment. Ms. Berry timely appealed to this Court.

## II.    ISSUE PRESENTED[2]

Plaintiff/Appellant presents the following issue for review on appeal:

1.     Whether the trial court erred in granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion to Alter or Amend Judgment.

## III.    STANDARD OF REVIEW

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law." *Green v. Green,* 293 S.W.3d 493, 513 (Tenn. 2009) (citing *Martin v. Norfolk S. Ry.,* 271 S.W.3d 76, 83 (Tenn. 2008); *Amos v. Metro. Gov't of Nashville & Davidson County,* 259 S.W.3d 705, 710 (Tenn. 2008)). "If reasonable minds could justifiably reach different conclusions based on the evidence at hand, then a genuine question of fact exists." *Id.* at 514 (citing *Martin,* 271 S.W.3d at 84; *Louis Dreyfus Corp. v. Austin Co.,* 868 S.W.2d 649, 656 (Tenn. Ct. App. 1993)). "If, on the other hand, the evidence and the inferences reasonably drawn from the evidence would permit a reasonable person to reach only one conclusion, then no material factual dispute exists, and the question can be disposed of as a matter of law." *Id.* (citing *Godfrey v. Ruiz,* 90 S.W.3d 692, 695 (Tenn. 2002); *Seavers v. Methodist Med. Ctr. of Oak Ridge,* 9 S.W.3d 86, 91 (Tenn. 1999)).

Because this lawsuit was filed in 2012, resolution of the motion for summary judgment is governed by Tennessee Code Annotated section 20-16-101, which provides:

---

[2]We urge the parties to refer to Tennessee Rule of Appellate Procedure 30 for the correct format when submitting briefs.

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (Supp. 2014). Summary judgments do not benefit from a presumption of correctness on appeal, so we must make a fresh determination that the requirements of Rule 56 have been satisfied in each case. *Green,* 293 S.W.3d at 514. "The reviewing courts must also consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor." *Id.* (citing *Cumulus Broad., Inc. v. Shim,* 226 S.W.3d 366, 373-74 (Tenn. 2007); *Abbott v. Blount County,* 207 S.W.3d 732, 735 (Tenn. 2006)).

## IV. DISCUSSION

### A. Summary Judgment

As a threshold matter, we must consider Ms. Berry's standing. The question of standing is an issue of law, which we review *de novo. In re Estate of Smallman,* 398 S.W.3d 134, 148 (Tenn. 2013) (citing *Cox v. Shell Oil Co.,* 196 S.W.3d 747, 758 (Tenn. Ct. App. 2005)). "Standing is a judge-made doctrine based on the idea that '[a] court may and properly should refuse to entertain an action at the instance of one whose rights have not been invaded or infringed.'" *Cox,* 196 S.W.3d at 758 (citing 59 Am.Jur.2d *Parties* § 30 (1987)). The primary focus of the standing inquiry is on the party, not on the merits of the claims asserted. *Id.*

Ms. Berry signed a Note and Deed of Trust dated August 5, 2004, for $270,000 with regard to the property located at 6215 Malloch Drive, Memphis, TN 38119. Ms. Berry's executed Note stated that the "Lender is Mortgage Lenders Network USA, Inc." ("Mortgage Lenders"). The Note was made payable by Mortgage Lenders to EMAX Financial Group, LLC, who made the Note payable to Residential Funding Corporation, who lastly made the Note payable to JP Morgan Chase Bank, as trustee. MERS "as nominee for Mortgage Lenders Network USA, Inc., its successors and assigns," assigned the Deed of Trust to The Bank of New York Mellon Trust Company, N.A. as successor to JP Morgan Chase Bank.

In her one remaining claim in the trial court, Ms. Berry alleged a flaw in the

assignment of the Deed of Trust, based on the argument that Wells Fargo employee Kate Johnson, the individual who executed the assignment of the Deed of Trust, did not have the authority to do so. However, even assuming a flaw in the assignment, Ms. Berry does not have standing to raise it. *See Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 Fed. Appx. 97, 102 (6th Cir. 2010). "[T]here is ample authority[3] to support the proposition that 'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'" *Id.* (citation omitted). Thus, we agree with the chancery court's determination that "as a matter of law, Defendants' Motion for Summary Judgment should be granted on this basis…."

In the interest of judicial economy, we also address the merits of Ms. Berry's claim and the focus of her argument on appeal. Ms. Berry's intentional misrepresentation claim specifically challenges whether Kate Johnson had the authority to execute the assignment of the deed of trust. She argues that Ms. Johnson, a Wells Fargo employee, did not have the authority to execute an assignment of the deed of trust between MERS and The Bank of New York Mellon. However, even if Ms. Berry had standing to challenge the validity of the assignment, there are no disputed facts in the record to

---

[3]The district court in *Livonia Properties Holdings, LLC* provided the following citations, on which the 6th Circuit relied:

> *Liu v. T & H Mach. Inc.,* 191 F.3d 790 (7th Cir. 1999) (party to underlying contract lacks standing "to attack any problems with the reassignment" of that contract; *Blackford v. Westchester Fire Ins. Co.*, 101 F. 90 (8th Cir. 1900) (As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignor cannot do so."); *Byczek v. Boelter Cos.*, 230 F.Supp.2d 843 (N.D. Ill. 2002) (same); *Nicolls Pointing Coulson, Ltd. V. Transp. Underwriters of La., Inc.*, 777 F.Supp. 493 (E.D. La. 1991) ("a debtor cannot challenge an assignment of a debt by a creditor unless he can show he is prejudiced by the assignment"); *The Prussia*, 100 F. 484 (D.C. Wash. 1900) (holding the validity of an assignment cannot be collaterally attacked on the ground of alleged technical irregularities by a non-party to the assignment, where no objection is made by the assigning entity); *In re Holden*, 271 N.Y. 212, 2 N.E.2d 631 (1936) ("The assignments were valid upon their face. The assignee was the legal owner of the claims assigned. No one could question the validity of the assignments except the assignors."); *Pagosa Oil and Gas, L.L.C. v. Marrs and Smith P'ship*, No. 08-07-00090, 323 S.W.3d 203, 2010 WL 450910 (Tex. App. Feb. 10, 2010) (finding lessor lacked standing to challenge assignment of lessee's breach of lease action because lessor was not party or third-party beneficiary to assignment contract); Richard A. Lord, 29 WILLISTON ON CONTRACTS § 74:50 (4th Ed.) ("**the debtor has no legal defense [based on invalidity of the assignment] … for it cannot be assumed that the assignee is desirous of avoiding the assignment**.") (emphasis added).

*Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 736-37 (E.D. Mich. 2010) *aff'd sub nom. Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 Fed. Appx. 97 (6th Cir. 2010).

support her claim. Defendants submitted Ms. Johnson's affidavit, which stated that in addition to being a Wells Fargo employee, she was also a Signing Officer for MERS, which granted her the authority to execute the assignment of Ms. Berry's Deed of Trust, and that she was, in fact, the person who executed the assignment. Included as an exhibit to her affidavit is a Corporate Resolution of MERS dated August 2, 2011, which, among other duties, authorizes Ms. Johnson to execute an assignment of a deed of trust. These facts are undisputed in the record. Therefore, we agree with the chancery court's finding that "there are no false signatures in this case, including any false signatures regarding the assignment of Ms. Berry's Deed of Trust…."

In addition to the issue raised on appeal, Ms. Berry makes several other arguments. Ms. Berry's arguments appear to be that MERS did not have the right to assign the mortgage, that Wells Fargo lacked standing to initiate foreclosure proceedings, that Wells Fargo lacks the ability to foreclose because there is no proof that it possesses the original Note, and that information received from an expert states that the signature on the Amanda Weatherly affidavit is not genuine.

We remanded the first appeal of this case with only a single intentional misrepresentation claim left intact. *See Berry v. Mortgage Electronic Registration Systems*, No. W2013-00474-COA-R3-CV, 2013 WL 5634472, at *6 (Tenn. Ct. App. Oct. 15, 2013), reh'g denied (Nov. 13, 2013). We held that "Ms. Berry's allegation of fraud stemming from an intentional misrepresentation was pled with sufficient particularity to survive a motion for judgment on the pleadings," but also "[w]ith regard to [her] remaining fraud allegations…we find that the Amended Complaint fails to satisfy the requirements of Rule 9.02." *Id.* We similarly affirmed the chancery court's dismissal of all other raised claims with regard to either the deed of trust or the foreclosure. *Id.* at *2-6.

"Our supreme court first recognized the power of a reviewing court to limit orders of remand in *Perkins v. Brown,* 132 Tenn. 294, 177 S.W. 1158 (1915)." *Melton v. Melton*, M2003-01420-COA-R10-CV, 2004 WL 63437, at *4 (Tenn. Ct. App. Jan. 13, 2004). We later stated that "[i]t is to the interest of all that there be a constraint on unnecessary litigation," and that "by remanding a case with limiting instructions when error exists as to only certain issues, the courts maintain the integrity of rulings previously made." *Id.* at *5. This case was remanded solely for the chancery court to examine the intentional misrepresentation claim. Therefore, Ms. Berry's arguments that are outside the scope of the remand are not properly before this Court, and we decline to consider them.

### B. Motion to Alter or Amend Judgment

A motion to alter or amend a judgment should be granted when the controlling law changes before a judgment becomes final, when previously unavailable evidence becomes available, or when a judgment should be corrected to prevent a clear error of law or injustice. *In re M.L.D.*, 182 S.W.3d 890 (Tenn. Ct. App. 2005). Conversely, it should not be used to "present new, previously untried or unasserted theories or legal arguments." *Id.* at 895. "A trial court's determination of whether to grant a Rule 59.04 motion to alter or amend a judgment is reviewed under an abuse of discretion standard." *Linkous v. Lane*, 276 S.W.3d 917, 924 (Tenn. Ct. App. 2008) (*citing Stovall v. Clarke,* 113 S.W.3d 715, 721 (Tenn. 2003)).

Ms. Berry's motion to alter or amend the summary judgment ruling asserted issues not before the chancery court on remand and previously unasserted legal theories regarding the remaining fraud claim.[4] As such, the chancery court did not abuse its discretion in denying Ms. Berry's Rule 59 motion to alter or amend.

### V. CONCLUSION

For these reasons, the decision of the chancery court is affirmed. Costs of this appeal are taxed to appellant, Chandra L. Berry, and her surety, for which execution may issue, if necessary.

_____
BRANDON O. GIBSON, JUDGE

---

[4]The additional arguments raised in Ms. Berry's Rule 59.04 motion are the same arguments she attempts to raise on appeal.